*W. R. PEPPER v. N. B. BROUGHTON and others.

*Evidence—Transaction With Person Deceased.*

1. The propounders and caveators to a contested will are *parties* to the proceeding within the spirit and meaning of C. C. P., § 343, which excludes the testimony of parties in certain cases.

2. Where the caveator to an alleged will, in order to show the bias of the testator against one of the propounders, introduces a witness who testifies that the testator had said to him, referring to such propounder, " he has married one of my nearest kin, and won't speak to me; " it is not competent for the person so mentioned, being a party to the controversy and interested in the result, to testify that he never refused to speak.

(*McCanless* v. *Reynolds*, 74, N. C. 301, cited and approved.)

Issue of *Devisavit Vel Non* tried at Fall Term, 1878, of WAKE Superior Court, before *Seymour, J.*

Weston G. Lougee at his death left two paper writings purporting to be wills, one dated the 11th of July, 1876, in which he gave his property to the plaintiff, W. R. Pepper, and the other dated the 17th of July, 1876, wherein he gave his property to Carolina Broughton, wife of N. B. Broughton, a relative; and on the same being offered for probate a *caveat* was entered to the probate of each by the legatee in the other, and thereupon the cases were sent up from the probate court to the superior court, and all the next of kin and heirs at law were summoned, to see proceedings and take part in issues *devisavit vel non*, to be found.

In the superior court an issue *devisavit vel non* was framed as to each paper writing and by consent submitted to the same jury, no one of the next of kin or heirs at law of the supposed testator taking sides in the controversy. In the course of the evidence, Pepper made proof by one Harris as

*Smith, C. J., did not sit on the hearing of this case.

material to the issue under consideration, that on one occasion he and the decedent met N. B. Broughton on the streets of Raleigh, and he took no notice of the decedent, and decedent remarked "he married one of my nearest kin and won't speak to me." In answer to this proof of declarations of the supposed testator on the occasion referred to, Carolina Broughton, the propounder of the script bearing date the 17th of July, introduced N. B. Broughton, her husband and co-propounder, and by him proposed to show that "he never refused to speak to Lougee." This evidence was objected to but admitted by the court, and its admission is assigned as error. Verdict for defendants, judgment, appeal by plaintiff.

*Messrs. Reade, Busbee & Busbee, Ryan, Snow* and *Battle & Mordecai,* for plaintiffs.

*Messrs. D. G. Fowle* and *Gilliam & Gatling,* for defendants.

DILLARD, J. (After stating the case.) N. B. Broughton's wife, Carolina, was the sole legatee and devisee in the script dated the 17th of July, and Pepper in the one dated the 11th, of July. and he and his wife were propounders of the one and caveators to the other. The next of kin and heirs at law failing, on citation to see proceedings, to take sides, as they were at liberty to do, then the issues framed and submitted to the jury, although the probate is *in rem,* were between Pepper on the one side and Broughton and wife on the other, and they were parties, and as truly adversary parties, as they could be in any conceivable case, and were within the description of parties as mentioned in C. C. P. § 343. But the being a party to the cause did not disqualify him, nor did his having an interest *jure mariti* to establish the paper writing in which his wife was sole legatee and devisee, disqualify; nor both together. But he was notwithstanding a competent witness for or against his wife as to all purposes in

the cause, with the inhibition not to be received to testify in regard to a transaction or communication between himself and Lougee, since deceased, against one claiming derivatively under him as legatee, devisee, or otherwise, as recited in the statute.   C. C. P. §§ 342, 343.

Now Lougee had said in speaking of the intercourse between himself and the witnesss, who had married one of his nearest relations, in substance that he, N. B. Broughton, refused to speak to him, and this, if credited by the jury, tended to show that the will in favor of Pepper, a mere personal friend, was made on account of the neglect of him by his relations, and the testimony of Broughton "that he never refused to speak to him," was a contradiction of the declaration of the supposed testator himself as deposed to by Harris, and if believed by the jury tended to establish the script dated the 17th of July in favor of Carolina Broughton.

The testimony received of Broughton in denial of a refusal to speak was on oath, and as against it and in opposition thereto there was not and could not be placed the oath of the decedent; and the wishes of the testator were thus exposed to be thwarted and turned in a wrong direction by the oath of Broughton, when it might be if Lougee himself could be heard on his oath, he would reiterate his declarations as testified to by Harris.

We consider the question of evidence presented in this case as settled by the decision in *McCanless* v. *Reynolds*, 74 N. C. 301.   There, McCanless and Reynolds claimed under Cox as a common source of title, and McCanless made proof of conversations and declarations of Cox concerning the sale and conveyance of the land to Reynolds as tending to show *mala fides* in that transaction.   And the defendant, Reynolds, introduced himself, as Cox's declarations had been received against him, to explain these declarations, and this court on appeal held that unless Cox could also be heard on oath as to the conversations and declarations proved, Reynolds, the

defendant, could not be heard. And they say in so many words that the exclusion rests not merely upon the ground "that the dead man cannot have a fair showing, but upon the broader and more practical ground that the other party to the action has no chance by the oath of the relevant witness to reply to the oath of the party to the action."

In this case Broughton is received to deny that he refused to speak to Lougee, and this was on his oath, and to this oath the other party to the action, Pepper, could oppose nothing except the statement in conversation of the supposed testator. It matters not whether the object of the testimony was to prove a speaking affirmatively or negatively ; it was to prove something material between the witness and the deceased, about which the deceased could have testified if alive, and it was unjust to allow Broughton by his evidence as to this point to have any influence to establish one of the wills rather than the other, when Lougee could not be heard in reply.

There were other exceptions taken to the charge of His Honor, but as there has to be a new trial for the error in admitting evidence, it is unnecessary for us to consider and pass upon them. There is error. Judgment of the court below reversed and this will be certified to the end that a new trial of the issue be had.

Error.                      *Venire de novo.*