BAILEY *vs.* ROSS, administrator, *et al.*

Where, after due notice, leave has been regularly granted by the court of ordinary to an administrator to sell realty of a decedent, equity will not restrain the sale by injunction at the instance of an heir on account of reasons which could have been as readily urged on a *caveat* to the application for leave to sell.

(*a.*) A judgment of a court of ordinary granting leave to an administrator to sell the realty of a decedent, is a judgment of a court of competent jurisdiction. It cannot be collaterally attacked except for fraud; nor can it be vacated even in the same court except upon notice and for good cause shown.

(*b.*) Mere apprehension of danger or injury, unless founded upon reason, will not require equitable relief.

Administrators and Executors. Ordinary. Judgment. Before Judge SIMMONS. Bibb Superior Court. October Term, 1881.

Reported in the decision.

LYON & GRESHAM; W. DESSAU, for plaintiff in error.

HILL & HARRIS; WHITTLE & WHITTLE; BILLUPS & HARDEMAN; HALL & SON, for defendants.

SPEER, Justice.

Albert B. Ross, administrator, defendant in error, applied to the court of ordinary for leave to sell the lands of James B. Bailey, his intestate, and having procured the necessary leave, proceeded to advertise the same for sale; whereupon plaintiff in error filed his bill to enjoin

said administrator from selling said land, for the reasons that :

(1.) There are no debts of the estate of James B. Bailey, and no reason why said lands should not be divided in kind, and especially as he was desirous of having his part apportioned to him in land, and not the proceeds thereof.

(2.) Because the existence of a cross bill, filed by John T. and Edgar C. Bailey against the plaintiff in error and others, in which the title to said lands was in controversy, formed a cloud upon the title to said lands, and would prevent their bringing an adequate price, if sold before said cloud could be removed by the ending of said litigation.

(3.) Because the clerk of the superior court being the administrator on said estate, the proceeds of said sale would not be protected by any bond pending the litigation under this and the previous bill, and the land, if not sold, would be more productive and a safer investment than any that could be made by said administrator to await the decisions in said cases.

The answer set up in substance that the complainant was concluded by the judge of the court of ordinary as to the sale of said lands, and that the clerk of the superior court, who is the administrator, is solvent, and the proceeds of the sale would be safe in his hands.

Upon the hearing of the case upon the bill and answer and exhibits attached, the court below refused the injunction ; whereupon the complainant excepted.

We see no abuse of discretion in the chancellor below in refusing this application for an injunction. All the matters now set up and assigned as a reason why the sale of these lands should be enjoined, existed and were well known to the complainant before the granting of the leave to sell by the ordinary. The record shows that the application for leave to sell was regularly made, and the notice thereof given to all parties interested by the publication provided by law. There is no pretence on the

part of the complainant that any unusual course was taken by the administrator in making this application to procure this order of sale, and if he had any cause of objection such as he now sets forth in his bill, no excuse is given why the same was not offered by way of objection before the proper court that had full jurisdiction to hear and adjudicate the questions he now makes. The answer of the administrator alleges his solvency and leaves no doubt that the proceeds of the sale will be safe in his hands. This judgment of the court of ordinary authorizing this sale is a judgment rendered by a court that had full jurisdiction of the subject matter, and cannot be rescinded, vacated or revoked even by that court, only on notice to the administrator and for good cause shown. 33 *Ga.*, 238 ; *Johnson vs. Holliday*, decided at September term, 1881 ; 49 *Ga.*, 553 ; 54 *Ib.*, 496 ; 58 *Ib.*, 284.

In the case of *Johnson vs. Holliday*, decided at the September term, 1881, this court held "where an administrator has been appointed, and after due notice an order to sell has been granted, injunction will not issue to stop the sale at the instance of heirs on the ground that they prefer a division in kind, and that the only debt claimed against the estate (except a small account which they propose to pay) is not legal, there being no allegation of insolvency, fraud or collusion."

Neither can such a judgmeut be collaterally attacked except for fraud. Code, §3593 ; 47 *Ga.*, 195.

In view of the whole case, we do not think, taking the case as made by the record, there is any sufficient reason shown for the interposition of a court of equity. The complainant had an ample remedy at law at the proper time and before the proper court to secure (if he was entitled to it) a partition of the lands instead of a sale, and to protect himself against all the apprehensions of loss that now seem to haunt him. Having failed to then appear, we cannot think he is entitled to that relief in a court of chancery from these mere apprehended wrongs

which he neglected to provide against in a court of law by his own laches. Moreover, it is judicially known to this court as to the bill filed in which it is alleged that a cloud is created upon the lands of the intestate as one reason for this injunction, that a decision of this court in this case at this term disposes of that bill and relieves the title of the property from any such embarrassment.

Let the judgment below be affirmed.