B. H. VESTER, adm'r, cum testamento annexo, of CALVIN COLLINS v. SIMON COLLINS.

*Witness — Devise — Transaction with Deceased Persons — Evidence.*

1. One who attests a will as a subscribing witness is not made incompetent to testify to the execution thereof, by reason of the fact that he is a devisee or legatee.

2. An executor or administrator *cum testamento annexo*, who is also a subscribing witness to a will, is competent to testify to the execution thereof; and the same rule applies to one who was competent at the time of the making of the will, but subsequently acquired an interest therein.

3. The act of attesting the execution of a will is not such a "personal transaction" with the deceased as is contemplated in the prohibi-

, tion contained in Sec. 590 of *The Code.*   Such witnesses are the witnesses of the law, not of the parties.

4. Where a will was attacked upon the ground of undue influence of the wife and sole devisee, and evidence was offered by the caveators of declarations by the testator that he did not intend any of her family to have any part of his estate; *Held,* that it was competent to prove, in reply, the kind relations existing between the deceased and his wife, and that she had permitted him to use a fund which belonged to her.

This is an issue DEVISAVIT VEL NON, tried before *Avery, J.,* at Spring Term, 1888, of the Superior Court of NASH County.

The issue was found in favor of the propounders, and from the judgment thereon declaring the will duly executed and ordering it to be recorded, the caveator appealed.

A paper writing or script purporting to be the last will of Calvin Collins, bearing date September 24th, 1859, and in form to pass his estate, was, after his death and in the month of March, 1885, exhibited in the Probate Court by his widow Nancy Collins, nominated sole executrix, and to whom his estate was given, and there proved *ex parte.*   On October 31 of the same year a caveat thereto was entered by Simon Collins, a brother, and one of the next of kin of the deceased, whereupon such further proceedings were had that an issue as to the validity of the instrument was drawn up and sent to the Superior Court for trial before a jury in the following form :

Is the paper writing mentioned in the pleadings and offered for probate and every part thereof the last will and testament of Calvin Collins ?

While the proceeding was pending the executrix died intestate and B. H. Vester, her brother and one of her next of kin and heirs at law, took out letters of administration *cum testamento annexo,* on the testator's estate, and in both his representative and personal capacity, became a party propounder to carry on the suit in her place.

Upon the trial, the said B. H. Vester, who, on the death of his sister became entitled to a distributive share in her estate, enlarged by that given her in the contested will, though he was both a propounder and subscribing witness, was examined as a witness on his own behalf, and it was proposed to prove by him the due and sufficient execution of the will, when the caveators interposed an objection to the hearing of the testimony, upon the ground that it related to "*a personal transaction*" between the witness and the deceased, and was inadmissible under section 590 of *The Code*. The objection was overruled and the witness permitted to testify, to which the caveators except. A similar objection was made to the testimony of the other subscribing witness and disposed of by a like ruling; the only difference between the relations of the witnesses to the subject matter being that the former, as representative of the executrix, was, in this capacity, also a party to the proceeding, taking her place as a propounder of the testamentary script, so that a single ruling upon the point disposes of both exceptions.

*Mr. Jacob Battle* for the propounder.
*Mr. E. C. Smith* for the caveator.

SMITH, C. J., (after stating the case.) The present statute unlike that in force under the Revised Statutes, which invalidated the will unless it was attested by at least " two witnesses no one of whom shall be interested in the devise of the lands" as a means of transmitting the title therein to the devisees, in such case, applying to wills of both real and personal estate, avoids only the devise or bequest to such attesting witness and to his and her wife and husband and privies, and leaves the other dispositions made of the testator's property in unimpaired force and operation. *The Code*, §2147. The concluding clause of the section in direct words

declares " that such person so attesting shall be admitted as a witness *to prove the execution of such will or the validity or invalidity thereof."*

Before the fundamental change in the law of evidence introduced by the enactment made in 1866 and subsequent amendments, among which is that substantially embodied in section 590, it was decided that one appointed executor and propounding the will, though called a plaintiff to the issue, could nevertheless be examined as a witness by the caveator as he could be in support of the script. *Powell* v. *Scoggin*, 8 Jo., 408. In the opinion Battle, Judge, speaking for the Court, uses this language: It is said " that to the issue of *devisavit vel non* there are strictly no parties, it being in the nature of a proceeding *in rem.*," but it has since been declared in *Pepper* v. *Broughton*, 80 N. C., 251, that the contestants and parties are within the purview of the disqualifying section.

For stronger reasons must executors and attesting witnesses be now allowed to testify since incapacity, growing out of interest, has been entirely removed and parties to the action may be heard. If then the formal execution of the will *must be proved*, by the testimony of the subscribing witness, or at least by two of them if there are more than that number, unless when not produced " are dead or reside out of the State or are insane or otherwise incompetent to testify," Section 2148, it might result in a total failure to establish a well executed will, if those who attest it are excluded by the general terms of the disabling section, and more especially because the very purpose of the law is to secure this testimony to be used, and which can only be used after the testator's death. If this were not so " the object of the statute," in the language of Battle, Judge, delivering the opinion in *Powell* v. *Scoggin, supra.,* " might always be defeated by making the person named as executor a party to the issue, a result which the courts are not at liberty to

allow." The remark applies with equal force to an attesting witness, competent at the time, upon whom an interest may afterwards devolve, to secure which he comes in to continue the prosecution of the cause.

Again, it is more than questionable whether a person present to witness an act of testamentary disposal of property, and who attests the act as such, is a party to such a "transaction" as is contemplated in *The Code.* One may prove a conversation between others which he over-hears because he is not a party to it. *Halliburton* v. *Dobson,* 65 N. C., 88; *Gilmer* v. *McNairy,* 69 N. C., 335; *Treadwell* v. *Graham,* 88 N. C., 208. The conversation or transaction must be *personal* to fall within the inhibition.

But aside from this, we are clearly of opinion that the disqualifying enactment, directly repugnant to the law requiring the presence of attesting witnesses at the trial of an issue involving the validity of the will to prove its execution when accessible and mentally able to give evidence, does not comprehend this class of witnesses who are denominated witnesses of the law and not of a party, and who become such to establish the execution and validity of the instrument *necessarily after death.* It would be absurd to require persons to attest a will in order to prove it when the maker was dead, and then reject the testimony because of the death, under another part of the law, enacted at the same time.

Not less untenable is the exception to the admission of evidence of the kind relations subsisting between the testator and his wife, and her permitting him to take and use the sum of $500, coming to her from the estate of a deceased brother, as tending to account for his giving his entire estate to her in answer to proof of declarations of the deceased, made after the execution of the will, that he did not intend that any of the Vester family (his wife being one of them) should have any of his property, and that he would prefer to see it burned up rather than fall into their hands.

It was also appropriate to repel the inference drawn from the disparity in their ages that it was an unnatural donation and which was pressed in the argument for the caveators.

There is no error and the judgment must be affimed, and it is so ordered.

Affirmed.