IN THE MATTER OF THE WILL OF WILLIAM E. YOUNG.

(Decided December 6, 1898 )

*Nuncupative Will—Evidence—The Code, Section 590.*

1. The witness to a will is the witness of the law, and not of the parties; his act of attesting is not a personal transaction with the deceased, within the prohibition of Section 590 of *The Code.*

2. The probate of a will is a proceeding *in rem* to which there is strictly no party, and which the Court must retain, determine and settle the issue, and not permit a judgment of non-suit.

*Caveat* to the nuncupative will of William E. Young, entered before the Clerk of the Superior Court of FOR-SYTH County—and the issue of *devisavit vel non* transferred to the Civil Issue Docket, and tried at August Term, 1898, by *McIver, J.*

The script propounded for probate is in these words :

Send my body to J. R. Chaney, Southerlin, Virginia, all my belongings are to go to J. R. Chaney, now witness this every thing that I have is to belong to J. R. Chaney.

June 23rd, 1897.

The foregoing statement was reduced to writing and signed by the witnesses.

Dr. J. P. Fearrington was one of the witnesses and propounded the script for probate. He was also the largest creditor of the deceased.

Dr. J. P. Fearrington, the propounder, was called as a witness on behalf of the propounder, and testified, among other things, as follows : That he was a physician living in the city of Winston, and having his office about two hundred yards, or two blocks, from the Jones' hotel. That he knew Wm. E. Young, and had

as a physician, attended him. That at the time of his death Wm. E. Young was stopping at the Jones Hotel. That the said Wm. E. Young died at his, witness' office in Winston, N. C., on the 23d day of June, 1897.

Witness was then asked what disposition he, Young, desired to make of his property, and who he wished to be his legatee or devisee, and all that he said Young said to him as to his wishes in regard to his property.

Caveators objected to the evidence of said Fearrington, on the ground that he was incompetent to testify under Section 590 of *The Code*. That said Fearrington being a party to this action as propounder of the will, and also being the largest creditor of the said Wm. E. Young was incompetent to testify under said section. ·

His Honor sustained the objection. The propounder excepted to this ruling, and offered to submit to a non-suit and appeal to the Supreme Court. Caveators objected to the propounders taking a non-suit, as not allowed by law.

His Honor rendered the following judgment·:

NORTH CAROLINA,    }    IN THE SUPERIOR COURT,
    FORSYTH COUNTY.    }        AUGUST TERM, 1898.

In the matter of the probate of the will of W. E. Young.

This cause coming on to be heard before his Honor Judge J. D. McIver, upon the intimation of his Honor ruling out the evidence of J. P. Fearrington, the propounder submits to a non-suit, and therefore it is ordered that the defendant caveators go without day and that they recover their costs.

J. D. McIVER,
*Judge Presiding.*

From this judgment the propounder appealed to the Supreme Court under objection from the caveators.

*Messrs. Watson, Buxton & Watson* and *Jones & Patterson*, for appellant.

*Messrs. Glenn & Manly*, for appellee.

FAIRCLOTH, C. J.: The script, found in the record, was offered to the clerk as the nuncupative will of W. E. Young for probate, and was caveated by the heirs and distributees of Young. The issue *devisavit vel non* was transferred to the Superior Court for trial. The offer to probate was made by J. P. Fearrington, one of the witnesses and the largest creditor, no executor being named. On the trial, the witness Fearrington was asked to state the declarations of Young. This was objected to by the caveators and excluded by the court as incompetent, under Section 590 of *The Code*. Non-suit was taken and the propounder appealed.

A similar case was *Hutson* v. *Sawyer*, 104 N. C., 1, and cases cited, in which it was held that the probate of a will was a proceeding *in rem*, to which there is strictly no party—that whether the acting parties are silent or withdraw, the matter is in custody of the law, and the court must retain, determine and settle the issue—and that the parties cannot have a judgment of non-suit and thus relieve the court of its duty. As the caveators did not appeal from the judgment of non-suit, we do not further consider it.

The witness, not being a party and not a distributee or legatee, is in no way interested in the issue, as a creditor, it is immaterial to him how the issue may be determined.

In *Vester* v. *Collins*, 101 N. C.,114, it was held that the act of attesting the execution of a will is not a per-

sonal transaction with the deceased, within the prohibition of Section 590 of *The Code*. Such a witness is the witness of the law and not of the parties. Looking at the law before, and under *The Code*, we hold that the judgment excluding the testimony of Fearrington was erroneous.

*Pepper* v. *Broughton*, 80 N. C., 251, was relied on as contrary decision. It does not clearly appear to be so on close examination. It was a decision under *The Code* of Civil Procedure, Section 343. Two wills were offered and both issues submitted to the same jury— Pepper caveating one, and Broughton the other. None of the heirs or devisees of the testator took any part in the controversy. The question was as to the conversation between the testator and Broughton at *sometime;* when, not stated ; and the court excluded Broughton's evidence, he being interested as legatee and in the event of the action, to which Pepper and Broughton were parties. The decision treats the probate as a matter *in rem* and the case seemed to turn on a matter collateral to the main issue. If however the opinion means what is claimed for it under C. C. P., Sections 342 and 343, it must be considered overruled in *Vester* v. *Collins, supra,* under *The Code*, Section 590.

So, Fearrington not being a party and not interested as a legatee or distributee, and being indifferent as a creditor, he can be heard to testify to the testator's declarations as if he were a stranger.

Error.