## JONES, administrator, *et al. v.* SMITH *et al.*

1. The court of ordinary being a court of general jurisdiction, where the record is silent it is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court.
2. If, however, the want of jurisdiction appears upon the face of the record, the judgment is a nullity, and may be so treated by any one whose rights are sought to be affected thereby.
3. The general rule in this State requiring that administrators must be residents thereof is subject to the single exception that a non-resident having a given interest in the estate of a deceased citizen of this State may be appointed under specified conditions.   The courts of ordinary in this State have no authority to appoint a non-resident administrator upon the estate of a non-resident who dies leaving property in this State.
4. When the record of a judgment appointing a non-resident administrator is equivocal in its terms as to the residence of the decedent, the presumption in favor of the validity of the judgment requires that the ambiguity be relieved by a construction which would make the decedent a resident of this State at the time of his death.
5. A person not interested in the assets of an estate has no right to raise any question as to the sufficiency or legality of the surety upon an administrator's bond which has been accepted by the ordinary.
6. "A third person not a party to the record can not go into a court and move to set aside a judgment which is not against him."
7. The court erred in granting the injunction.

Argued June 23, — Decided July 13, 1904.

Injunction.   Before Judge Spence.   Decatur superior court. May 10, 1904.

Smith and others brought a petition to restrain the prosecution of a suit for the recovery of certain land by F. C. and H. C. Jones as administrators of the estate of G. B. Lamar, alleging that the judgment of the court of ordinary of Chatham county, appointing F. C. and H. C. Jones as administrators, was void, because they, the decedent, and the surety on the administrators' bond (the American Surety Company) were residents of the State of New York; that this appeared in the petition for appointment and in the judgment granting the letters of administration; and that a petition to set aside the judgment on that

ground was pending in the court of ordinary. At the hearing were introduced certified copies of the petition on which the letters of administration were granted, and of the judgment granting the letters. The petition was as follows: "Georgia, Chatham County. To the Honorable Henry McAlpin, Ordinary for said county. The petition of Harriet Cazenove Jones respectfully shows, that she is at present a resident of the State and City of New York, but that she is the heir at law of an equal interest in the estate of Gazaway B. Lamar, late of said State, but who died testate in the City and State of New York, leaving real and personal estate in the county of Chatham and in other counties of the State of Georgia, some of which remains unadministered; that in order to administer said estate, De Rosset Lamar, the son and equal heir of the said deceased, made application to the ordinary of Chatham county for the grant of letters of administration on said estate, and that said ordinary, having thus duly acquired jurisdiction over all said estate in Georgia for purpose of administration, duly issued letters to said De Rosset Lamar; that said administrator proceeded under said letters to administer said estate, but, before the completion thereof, departed this life, leaving a considerable portion of said estate unadministered; that included in said estate are about thirty-eight hundred acres of wild land situated in the counties of Baker, Decatur, Thomas, Echols, and Lowndes, of the value of about one dollar per acre, and that some of these lands have been illegally occupied and are held adversely, under false claim of title, by various parties, and can be recovered for said estate and the several heirs thereof only through the grant of letters of administration de bonis non to petitioner, who applies for such letters with the full knowledge and consent of the other heirs of the said Gazaway B. Lamar. And petitioner further prays that to aid her in said administration and for the recovery of said lands, and with the full consent and approval of the other heirs, her husband, Frank Cazenove Jones, who has been acting as agent for said heirs in the management of their several interests, may be also appointed, as a coadministrator de bonis non, to associate with her and to aid her in the recovery and disposal of said real estate, as yet unadministered. Wherefore petitioner prays," etc. The judgment thereon states that "it appearing to the court that the facts as therein

stated are true; that due and legal notice of said application has been given by publication," etc., "and that no objection has been made thereto, and the applicant, Harriet Cazenove Jones, and F. C. Jones, appearing in open court and offering the American Surety Company of New York as securities on her bond," in a sum stated, "which is hereby accepted and approved as good and sufficient, it is therefore considered and ordered that the said application be granted," and that letters of administration de bonis non issue on the taking of the prescribed oath. The injunction was granted, and the defendants excepted.

*B. B. Bower, A. H. Russell,* and *M. E. O'Neal* for plaintiffs in error, cited Civil Code, § 5373; *Ga. Rep.* 16/440; 19/594; 49/46; 62/244; 80/624; 89/442 (3).

*T. S. Hawes* and *John R. Wilson,* contra, cited Civil Code, §§ 3365, 3366, 3367 (6), 4913, 4920; *Ga. Rep.* 67/103; 98/480; 16/399 (7, 9).

COBB, J. The court of ordinary is a court of general jurisdiction, and it is not essential that all the facts necessary to give jurisdiction shall appear upon the face of the record. Where the record is silent, the presumption is that all necessary jurisdictional facts appeared, and no collateral attack can be made upon the judgment. *Maybin* v. *Knighton,* 67 *Ga.* 103; *Stuckey* v. *Watkins,* 112 *Ga.* 268. On the other hand, where the want of jurisdiction appears upon the face of the record, the judgment, although by a court of general jurisdiction, is void, and is subject to attack at any time by any one whose rights are sought to be affected thereby. *Fussell* v. *Dennard,* 118 *Ga.* 207. See also the very forcible and apt language of Mr. Chief Justice Jackson in *Head* v. *Bridges,* 67 *Ga.* 238. As a general rule, only citizens of the United States resident in Georgia are qualified to act as administrators in this State. Civil Code, § 3365. The single exception to this rule is contained in section 3366, which authorizes a citizen of another State, who has a given interest in the estate of the deceased citizen of Georgia, to act as administrator under specified conditions. If the judgment appointing the Joneses administrators of Lamar's estate showed upon its face, not only that the Joneses were non-residents of Georgia, but that Lamar was also a non-resident at the time of his death, then the judgment appointing them as the

legal representatives of the estate would be absolutely void, there being no authority to appoint a non-resident administrator upon the estate of a non-resident. The record does not distinctly show that Lamar was a non-resident. In fact the statements in the record are equivocal. They show that he was at one time a resident of Georgia, and they are not altogether inconsistent with his having been such resident at the time of his death. The presumption being in favor of the validity of the judgment, this ambiguity will be relieved by a construction which makes him a resident of this State at the time of his death. Such being the case, the judgment appointing the Joneses was not void. Under the terms of the Civil Code, § 3366, when a non-resident is appointed administrator he is required to give a bond with good security, and the sureties must be resident citizens of this State, liable to be proceeded against in the first instance in the event of a devastavit by the non-resident administrator. We will not now determine whether the act of 1887, contained in the Civil Code, § 2142, which authorizes non-resident fidelity companies to become sureties on official bonds, had the effect to repeal the provisions of section 3366 in reference to who should be the surety upon the bond of a non-resident administrator. See, however, in this connection, *Sutton* v. *Hancock*, 118 *Ga.* 437 (7). If a judgment appointing an administrator is valid, no one other than a person interested in the assets of the estate can be heard on the question of the legality or sufficiency of the security which the ordinary has accepted on the bond of the administrator.

The judgment appointing the Joneses administrators on the estate of Lamar being regular upon its face, it can not be collaterally attacked. It now becomes material to determine whether the plaintiffs can derive any advantage from the proceeding which they have instituted in the court of ordinary to vacate and set aside the judgment appointing the administrators. The plaintiffs are not heirs, legatees, or creditors of Lamar's estate; and if they have any interest in the assets of that estate, that fact has not been made to appear. They would, therefore, not have been heard as caveators when the application for letters of administration was pending. *Williams* v. *Williams*, 113 *Ga.* 1006; *Towner* v. *Griffin*, 115 *Ga.* 966. They are not in any sense parties to the judgment, nor are they in privity with any one who was or could have been

a party thereto.   "A third person not a party to the record can not go into a court and move to set aside a judgment which is not against him." _ *Merchants Bank* v. *Haiman*, 80 *Ga.* 624; *Suwannee Turpentine Co.* v. *Baxter*, 109 *Ga.* 603.   The proceeding instituted in the court of ordinary would not have availed the plaintiffs, and therefore the pendency of this proceeding was no reason for enjoining the suit for the recovery of the land.   If it could be made to appear that the judgment of the court of ordinary appointing the Joneses administrators was the result of a fraud perpetrated upon that court by a false representation that Lamar was a resident of the State at the time of his death, it may be that the defendants would have a remedy by a direct proceeding in equity to set aside this judgment on the ground of fraud.   See, in this connection, *Cowart* v. *Simpson*, 74 *Ga.* 697; *Langmade* v. *Hamilton*, 89 *Ga.* 441; *Phillips* v. *James*, 115 *Ga.* 426.   But on this question we now express no opinion.   On the case as presented to the judge it was error to grant an injunction.

*Judgment reversed.   All the Justices concur.*