## MEDLIN & SUNDY *v.* DOWNING LUMBER COMPANY.

1. The court of ordinary is a court of general jurisdiction; and unless the want of jurisdiction appears on the face of the record, its judgments can not be collaterally attacked.
2. Want of jurisdiction in the court of ordinary to grant letters of administration is not shown by the allegations of an application therefor reciting the death of the decedent sixty-eight years before the filing of the application by a resident of the State, that the decedent, at the time of his death, resided in the county where administration is sought, leaving an estate, administration on which was necessary for the purpose of distribution among the heirs of the decedent, and that "petitioner is entitled under the law to be appointed administratrix upon said estate, being one of the next of kin of the deceased."

Submitted February 19,—Decided April 12, 1907.

Injunction. Before Judge Parker. Charlton superior court. January 8, 1907.

The Downing Lumber Company, alleging itself to be the owner of two described lots of land, brought its action against Medlin & Sundy, to enjoin an alleged trespass, and to recover damages therefor. At the interlocutory hearing it was agreed between counsel

for the parties, for the purpose of that hearing, that the two lots of land were granted by the State respectively to Zachariah Melton on September 1, 1810, and to David Rogers on September 25, 1805; and that Melton died about the year 1870, and Rogers in 1838. On June 4, 1906, Mrs. Annie Melton was appointed administratrix upon the estate of Zachariah Melton, by the ordinary of Twiggs county; and on August 6, 1906, Mrs. S. M. Anthony was appointed administratrix on the estate of David Rogers, by the ordinary of Oglethorpe county. Copies of the application for letters of administration by Mrs. Melton and Mrs. Anthony, upon which due and legal advertisement and all other legal formalities were had, were attached; and it was further agreed that Mrs. Melton and Mrs. Anthony, respectively, "after being thereunto regularly authorized, conveyed, in their respective capacity as administratrix, the said two lots five and six respectively to the . . Downing Lumber Company." It was admitted, that the defendants intend to occupy the land, and to cut and utilize all the timber thereon; and that the plaintiff was entitled to a temporary injunction unless the grant of administration to Mrs. Melton and Mrs. Anthony "is void and subject to collateral attack" for the following reasons: First, that neither petition for administration alleged any facts conferring jurisdiction on the court of ordinary of the respective counties to make either appointment; second, because it appears from the respective applications that neither of the respective courts of ordinary had jurisdiction to appoint either of said applicants administratrix; third, because it appears from each of the applications that administration was unnecessary upon either estate; and fourth, because neither petition showed any right on the part of either applicant to be appointed administratrix. The applications for administration were respectively as follows: That of Mrs. Annie Melton, addressed to the court of ordinary of Twiggs county, alleged that "Mrs. Annie Melton, a citizen of the United States, residing in said State, respectfully shows that Zachariah Melton, late of Twiggs county, Georgia, died intestate about the year 1870, leaving an estate of realty and personalty of the probable value of one hundred dollars. Petitioner further shows that administration on said estate is necessary for the purpose of distribution of said estate among the heirs of the said Zachariah Melton, deceased. Petitioner is entitled under the law to be appointed administratrix

upon said estate, being one of the next of kin of the deceased." Then follows the usual prayer. Mrs. Anthony's application, addressed to the court of ordinary of Oglethorpe county, recites that she, "a citizen of the United States residing in said State, respectfully shows that David Rogers, late of Oglethorpe county, Georgia, died intestate in the year, 1838, leaving an estate consisting of realty and personalty of the probable value of one hundred dollars. Petitioner further shows that administration on said estate is necessary for the purpose of distribution of said estate among the heirs of said David Rogers, deceased. Petitioner is entitled under the law to be appointed administratrix upon said estate, being one of the next kin of the deceased." This is followed by the usual prayer. The court granted the injunction, and the defendants excepted to this judgment.

*Toomer & Reynolds,* for plaintiffs in error.

*Leon A. Wilson,* contra.

Evans, J. (After stating the facts). The court of ordinary is a court of general jurisdiction, and unless want of jurisdiction appears on the face of the record, its judgment can not be collaterally attacked. *Jones* v. *Smith,* 120 *Ga.* 642. But where the want of jurisdiction appears on the face of the record, its judgment, like that of any other court of general jurisdiction, is void, and subject to attack at any time by any one whose rights are sought to be affected thereby. *Fussell* v. *Dennard,* 118 *Ga.* 270. The contention of the plaintiff in error is that the application for administration, in each case, shows affirmatively upon its face that the applicant had no right to apply for administration, and consequently that the court of ordinary was without jurisdiction to grant administration upon the application of one unauthorized by law to apply for the same. In *Towner* v. *Griffin,* 115 *Ga.* 965, it was held that an application for letters of administration, which fails to allege that the applicant is an heir at law of decedent, or a creditor of the estate, or any other reason which under the law would entitle him to the administration, should be dismissed upon motion made upon that ground by caveators appearing at the hearing who are heirs at law of decedent. The conclusion sought to be deduced from the principle there decided is that only those persons referred to have any right to procure an administration on the estate of a decedent, and that where it affirmatively appears

that the applicant is not included in any of these classes, the court is without jurisdiction to issue such letters. Much could be said in support of the proposition that the grant of administration upon the application of one who describes himself as having no interest in the estate, and as having no right to have letters issue to him, is void for want of jurisdiction in the court to grant to such applicant letters of administration. Indeed, we are inclined to the opinion that the granting of administration upon such an application would be void for want of jurisdiction appearing on the face of the record. "A judgment rendered by a court of competent jurisdiction in a case brought before it, however erroneously that jurisdiction may have been exercised, is one thing, and a judgment entered by a court of like jurisdiction in a case not before it is another and different thing. In the one case it may be erroneous. In the other it is void." Bailey on Jurisdiction, §7. In the present case it affirmatively appears from each of the applications for administration that the applicant is one of the next of kin of the decedent. Letters of administration may be granted to the next of kin at the time of the death of the deceased, according to the law of relationship and distribution. Civil Code, §3366.

. But the plaintiff in error insists that the recital in each of the applications, that the applicant is "one of the next of kin of the deceased," means that she was such at the time of the application, and not at the time of the decedent's death, and that this inference is aided by the fact that in one instance sixty-eight years intervened between the death of the decedent and the application for administration, as affirmatively disclosed therein. To this we can not agree. The representation of the applicant that she was one of the next of kin of the deceased does not exclude the inference that she was one of his next of kin at the time of his death. The lapse of sixty-eight years between the death of the intestate, and the application for administration on his estate is not sufficiently long for the court to hold, as a matter of law, that it was impossible for the applicant to be in life when the intestate died. We have only to look about, to discover acquaintances who have reached the age of three score and ten. The pleadings do not show lack of jurisdiction in the court; and every fact necessary to make the judgment valid and binding upon the parties thereto will be presumed in its favor. *Stuckey* v. *Watkins,* 112 *Ga.* 268. We there-

fore conclude that the judgment directing letters of administration to issue is not void and subject to collateral attack. In the agreed statement of facts it was admitted that the plaintiff was entitled to a temporary injunction unless the granting of these administrations was void and could be collaterally attacked. At the interlocutory hearing the court adjudged that these administrations were not void and subject to such attack; and this judgment is

　　　*Affirmed. Fish, C. J., absent. The other Justices concur.*