## MARTIN *v.* DIX *et al.*

FISH, C. J. 1. Where letters of administration have been granted by the court of ordinary having jurisdiction upon the estate. of a decedent, as in case of intestacy, and subsequently a will of the decedent is propounded and admitted to probate, this does not ipso facto render void a sale of land of the decedent by the administrator before the propounding of the will for probate and under an order of the ordinary, duly granted, authorizing such sale. Patton's Appeal, 31 Pa. St. 465; Kit-

tredge *v*. Folsom, 8 N. H. 98; Woerner's American Law of Administration (2d ed.), §§ 266, 268.

2. Such an order of sale could not be collaterally attacked in an action of ejectment brought by the legatees under the will, after its probate, by showing that the administrator knew of the existence of the will when he applied for appointment, and fraudulently concealed it, and obtained the appointment on the ground that there was an intestacy, and that the purchaser at the sale also had notice of the existence of the will. Fraud in the procurement of the order for sale as administrator, and notice on the part of the purchaser, may be available in proper proceedings to set aside such order and sale, but they can not avail to destroy the judgment of the ordinary and the sale thereunder, upon a mere collateral attack in an ejectment suit by persons claiming as legatees. *Davie* v. *McDaniel*, 47 *Ga*. 195; *Bailey* v. *Ross*, 68 *Ga*. 735; *Medlin & Sundy* v. *Downing Lumber Co*., 128 *Ga*. 115 (57 S. E. 232).

3. The rule above announced is emphasized in the present case, where the ordinary allowed the will to be probated and appointed as executor the person named therein as such (who was the same person that had previously been appointed as administrator), but denied a separate application for an order to revoke the former grant of administration.

4. The fact that the denial of the application for revocation referred to in the preceding headnote was carried to the superior court by appeal, and that the nominated executor and formerly appointed administrator died, would not alter the rule above laid down. A judgment of a court of competent jurisdiction, which is not invalid on its face, can not be collaterally attacked merely because the person in whose favor it was rendered has died or been dismissed from the office of administrator, which he held at the time of its grant. *Whitley Grocery Co*. v. *Jones*, 128 *Ga*. 791 (58 S. E. 623).

5. As the principles above announced are controlling in the case, it is unnecessary to specifically deal with the several grounds of the motion for a new trial.                    *Judgment reversed.    All the Justices concur.*

MAY 11, 1910.

Ejectment.    Before Judge Whipple.    Ben Hill superior court. August 25, 1909.

*D. E. Griffin, Hal Lawson*, for plaintiff in error.

*Haygood & Cutts*, contra.