# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1915.

---

### BOWEN *et al. v.* GASKINS *et al.*

1. The court of ordinary is a court of general jurisdiction; and unless the want of jurisdiction appears on the face of the record, its judgments can not be collaterally attacked for fraud.
2. The transcript of the record of the court of ordinary, to which objection was made, disclosed jurisdiction in the court, and was relevant to the issue.
3. Where an administrator, pursuant to an order of the court of ordinary authorizing the sale of wild land of his intestate at private sale, executes a deed and leaves blanks for the names of the grantees to be afterwards filled in by the attorney employed by the heirs to represent the estate, and where the names of such grantees are filled in by the attorney before the delivery of the deed to the purchasers, who are ignorant of the circumstances attending its execution, such deed will operate to pass the title of the grantor to the grantees.
4. The issues made by the pleadings and evidence were submitted to the jury under appropriate instructions.
5. Prima facie the time fixed by the rules of court for the argument of cases is sufficient; and the discretion of the judge in refusing additional time to counsel is not abused where it does not appear that the issues are so complicated, or the evidence so voluminous, as to make the case exceptional.
6. The evidence authorized the verdict, and no sufficient cause is shown for the grant of a new trial.

                    AUGUST 13, 1915.

Equitable petition. Before Judge Thomas. Berrien superior court. May 2, 1914.

*L. E. Heath* and *W. G. Harrison,* for plaintiffs in error.
*Hendricks & Hendricks* and *C. A. Christian,* contra.

Evans, P. J. The plaintiffs brought suit to enjoin the defendants from committing certain alleged trespasses on lot of land number 30 in land district 10 of Berrien county. The plaintiffs based their title upon a grant to Barnet Goslin, dated August 4, 1841, and a deed from his administrator de bonis non, dated November 4, 1908. The defendants in their answer admitted that they claimed from a common grantor, but averred that Barnet Goslin prior to his death had conveyed the lot in controversy to J. D. Shanks, from whom they derived their title.

1. The defendants offered an amendment to their answer, setting up that the administration upon Goslin's estate in Taylor county, and the deed of his administrator, were void, for the reason that at the time the administration was sued out the court of ordinary of Taylor county was without jurisdiction over the estate of Barnet Goslin, for the reason that the decedent never lived or died in that county, which fact was well known to the heirs of Barnet Goslin and their attorney who applied for administration on his estate; that the attorney fraudulently represented that the court did have jurisdiction; and that the decedent Barnet Goslin had prior to his death conveyed the lot of land in controversy. The application for administration was by a daughter of the decedent, who alleged that her father died a resident of Taylor county, that administration had been granted in that county upon his estate, but that the administrator had died without fully administering the same, and that other property belonging to the estate had been discovered; and prayed for the appointment of the clerk of the superior court as administrator de bonis non. The application showed on its face that the court of ordinary of Taylor county had jurisdiction of the subject-matter. The rule is clear that the court of ordinary is a court of general jurisdiction; and that where it appears upon the face of the proceedings that the court has jurisdiction of the subject-matter, its judgments can not be collaterally assailed for fraud. *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Alabama Great Southern Railroad Co.* v. *Hill,* 139 *Ga.* 224 (76 S. E. 1001, 43 L. R. A. (N. S.) 236, 34 Ann. Cas. (1914D) 996); *Medlin* v. *Downing,* 128 *Ga.* 115 (57 S. E. 232).

2. The court allowed in evidence, over objections, certified copies, from the court of ordinary of Taylor county, of the application of Angelina L. Green, a daughter of Barnet Goslin, that

letters of administration de bonis non upon her father's estate issue to the clerk of the superior court; of the order for citation, the citation based thereon, and the order appointing the administrator; of the application of O. T. Montfort, administrator, for leave to sell the lot of land in controversy, the citation thereon, and the order of the court of ordinary giving the administrator leave to sell the land (the same being wild land) at private sale. The objections were, because (a) of failure to identify the decedent with the grantee under whom the parties claimed; and (b) the applicant for administration was not entitled to have the clerk appointed as administrator. Clearly the evidence was not open to these objections. The various steps in the administration of Barnet Goslin's estate were in compliance with the statute, and showed jurisdiction in the court of ordinary, and were not open to collateral attack.

3. It appeared from the evidence that the deed from O. T. Montfort, as administrator of Barnet Goslin, to the plaintiffs was executed under these circumstances: The heirs at law of the decedent employed an attorney to procure administration and represent the heirs in the administration of their ancestor's estate. He accordingly, on the application of a daughter of the decedent, caused the clerk of the superior court to be appointed administrator. He negotiated the sale of the land to the plaintiffs for $1,000, a sum satisfactory to all of the heirs. The attorney, who resided in a distant city, prepared a deed for the administrator to execute. Not having a memorandum of the grantees' names, he left blanks in the deed, and wrote to the administrator that he would insert them before delivery. The administrator signed the deed with blanks left for the grantees' names. They were afterwards inserted by the attorney who represented the administrator and the heirs, who delivered the deed to the purchasers, with their names inserted; but the purchasers were ignorant of the circumstances attending the execution of the deed, and paid the full purchase-price. Objection was made to the deed being received in evidence, and to the court's statement in the presence of the jury that the deed was not a forgery, and to the refusal of a request to charge that the blanks left in a deed could not be filled in except by authority under seal. It was also insisted, under the general grounds of the motion for new trial, that the deed was void and insufficient

as a muniment of title. In *Ingram* v. *Little,* 14 *Ga.* 173 (58 Am. D. 549), it was held: "A deed duly signed, sealed, and attested, but without any grantee named and without the amount of the purchase-money stated—these being left blank—is inoperative as a muniment of title, and can not be completed by a third person in the absence of the grantor, without authority under seal." In the opinion Judge Nisbet referred to the divergent decisions in England and this country on this subject, declaring them to be in distressing conflict, and expressed some misgiving whether reason and common sense did not condemn the ruling. Shortly afterwards, in *Drumright* v. *Philpot,* 16 *Ga.* 424, 428 (60 Am. D. 738), Judge Lumpkin said he yielded reluctant assent to the ruling in *Ingram* v. *Little,* and called attention to the fact that the doctrine had been repudiated by Lord Mansfield, and that Chief Justice Marshall had expressed himself dissatisfied to the extent to which it had been carried. In *Brown* v. *Colquitt,* 73 *Ga.* 59 (54 Am. R. 867), it was held that a criminal recognizance signed by a surety, in which the obligee's name was inserted after signature by the sheriff, under parol authority from the surety, was valid and binding on the surety; and in *Weaver* v. *Carter,* 101 *Ga.* 206, 213 (28 S. E. 869), Simmons, C. J., was of the opinion that the decision in *Ingram* v. *Little* was practically overruled in *Brown* v. *Colquitt.* In *Smith* v. *Farmers Mutual Ins. Co.,* 111 *Ga.* 737 (36 S. E. 957), Cobb, J., states: "It may be safely said, in view of the foregoing, that the doctrine announced in *Ingram* v. *Little* is not, at this time, to be regarded as the law of this State." "It seems to be the modern rule that parol authority to fill a deed is sufficient, and therefore not only may a deed be delivered to an agent by the maker to be filled and delivered, both in the case of specialties and conveyances of land, but also, in the former, parol authority is sufficient to fill after delivery." 2 C. J. 1249. Furthermore, the doctrine announced in *Ingram* v. *Little* is wholly inapplicable to the facts of this case. In that case the grantee's name was inserted in the blank by a third person in the absence of the grantor. In the instant case the grantees' names were inserted by the attorney of the heirs at law and the administrator, before delivery. It affirmatively appeared in the evidence that the estate had been distributed, and that the heirs had received their respective shares. By receiving the proceeds of the sale they impliedly ratified the con-

veyance by the administrator, and would be estopped from repudiating it.

4. The court submitted to the jury the issues relating to the identity of the grantee with the administrator's intestate, under whom the plaintiffs claimed, and whether the grantor had prior to his death conveyed the land to the person from whom the defendants traced their title. Some of the instructions of the court in the submission of these issues are criticised; but after a careful examination we do not think that the criticism is well founded.

5. Counsel for the defendants stated in his place that he was unable to fully discuss the issues within the time (one hour) prescribed by the rule of court, and asked for additional time. The refusal of this request is made the subject-matter of an exception. The issues in this case were narrowed to those referred to in the preceding note. The witnesses were few in number, and the documentary evidence was neither confusing nor complicated. It would seem that these issues could have been reasonably discussed within the time prescribed by the rule of court. The judge is not required to extend time in every instance when so requested. He has a discretion in the matter (Rule 5 of Superior Courts, as amended by convention of Judges, December 19, 1911) ; and under the circumstances of the present case we do not think that discretion was abused.

6. The evidence was sufficient to authorize the verdict, and no errors of law were committed that require a new trial.

*Judgment affirmed. All the Justices concur.*

LUMPKIN and ATKINSON, JJ. We concur in the judgment, but we do not think it necessary to decide whether parol authority is sufficient to authorize the filling in of blanks in a deed under seal, or to discuss the decision in the case of *Ingram* v. *Little,* 14 *Ga.* 173 (58 Am. D. 549), or other cases in which it has been cited or bearing on the same subject. Objection was made to the admission of the deed in evidence, on the ground that various things appeared on the face of it. There is nothing to show that in fact these things did appear on the face of it; but, on the contrary, a photograph of the deed contained in the brief of evidence fails to show that the names of the grantees were inserted after the deed was signed by the maker. Accordingly the objection was properly overruled.

Again, an amendment had been made to the defendants' pleadings. After the evidence had closed, the defendants' counsel said to the court: "I would like to know at this time what the court holds regarding the amendment." The court answered that he struck all of the amendment except the attack on the deed of the administrator as being a forgery; but that he was going to hold, under the evidence, that it was not a forgery, and that he would instruct the jury that the deed was good, under the evidence, and not a forgery. Counsel stated that they desired to except to the statement of the court on the question of the deed not being a forgery, on the ground that it was an expression of opinion in the presence of the jury as to what had or had not been proved. The court immediately said: "I instruct the jury that it is not a forgery," etc. This colloquy formed the basis of one of the grounds of the motion for new trial. There was no evidence authorizing any submission to the jury of the question as to whether the deed of the administrator was a forgery. Whether or not the authority given by the administrator to the attorney, under which the latter inserted certain names in the deed as grantees, was sufficient in law to render the deed a perfect conveyance, there was no pretense that there was any forgery. There may have been a question of proper execution of the deed or proper authority to fill blanks, but this was a different question from whether the deed was a forgery.

Again, a bill of exceptions pendente lite was filed. One of the exceptions taken was that the court refused a certain written request to charge the jury. This requested charge began with these words: "If you find from the evidence that the deed from O. T. Montford, as administrator of Barnett Bostin, to the plaintiffs was a forgery, or that material portions of the deed was a forgery," etc. A portion of this request referred to the filling in of names of grantees in a deed after it had been signed; but, under the repeated rulings of this court, unless a requested charge as a whole be correct, the refusal of it would constitute no ground for a reversal. From what has been said above it is patent that this request, in large part, was based on an erroneous theory, and that it contained matter which it would have been palpable error to have given in charge. It has not been the practice of this court to take such requests and seek for some part of them upon which to base a ruling, and we do not think that it should be done now.

Under the evidence, the verdict could be supported regardless of the question of the sufficiency of the authority to fill up blanks in the deed.