SMITH *v.* SCARBOROUGH *et al.*

158

No. 10734. MARCH 14, 1936.
ADHERED TO ON REHEARING MARCH 28, 1936.

*Tye, Thomson & Tye,* for plaintiff in error.

*J. D. Stewart, J. Wightman Bowden,* and *Brown & Brown,* contra.

*T. M. Smith* and *Colquitt, Parker, Troutman & Arkwright,* as amici curiæ.

ATKINSON, Justice. ■ In *Medlin* v. *Downing Lumber Co.,* 128 *Ga.* 115 (57 S. E. 232), it was said: "The court of ordinary is a court of general jurisdiction; and unless the want of jurisdiction appears on the face of the record, its judgments can not be collaterally attacked. . . Want of jurisdiction in the court of ordi-

nary to grant letters of administration is not shown by the allegations of an application therefor reciting the death of the decedent sixty-eight years before the filing of the application by a resident of the State, that the decedent, at the time of his death, resided in the county where administration is sought, leaving an estate, administration on which was necessary for the purpose of distribution among the heirs of the decedent, and that 'petitioner is entitled under the law to be appointed administratrix upon said estate, being one of the next of kin of the deceased.'" In *Martin* v. *Dix*, 134 *Ga.* 481 (68 S. E. 80), it was said: "Where letters of administration have been granted by the court of ordinary having jurisdiction upon the estate of a decedent, as in case of intestacy, and subsequently a will of the decedent is propounded and admitted to probate, this does not ipso facto render void a sale of land of the decedent by the administrator before the propounding of the will for probate and under an order of the ordinary, duly granted, authorizing such sale. Patton's Appeal, 31 Pa. St. 465; Kittredge v. Folsom, 8 N. H. 98; Woerner's American Law of administration (2d ed.), §§ 266, 268. . . Such an order of sale could not be collaterally attacked in an action of ejectment brought by the legatees under the will, after its probate, by showing that the administrator knew of the existence of the will when he applied for appointment, and fraudulently concealed it, and obtained the appointment on the ground that there was an intestacy, and that the purchaser at the sale also had notice of the existence of the will. Fraud in the procurement of the order for sale as administrator, and notice on the part of the purchaser, may be available in proper proceedings to set aside such order and sale, but they can not avail to destroy the judgment of the ordinary and the sale thereunder, upon a mere collateral attack in an ejectment suit by persons claiming as legatees." Citing *Davie* v. *McDaniel*, 47 *Ga.* 195, *Bailey* v. *Ross*, 68 *Ga.* 735, and *Medlin* v. *Downing Lumber Co.*, supra. In *Wash* v. *Dickson*, 147 *Ga.* 540 (94 S. E. 1009), it was held: "A judgment of a court of ordinary, granting letters of administration upon an estate, being a judgment of a court of general jurisdiction, can not be collaterally attacked unless the record negatives the existence of necessary jurisdictional facts." It was said, in the opinion: "A court of ordinary in the matter of administering estates is a court of general jurisdiction. *Tant* v. *Wigfall*, 65 *Ga.*

412; *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134). It is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court. *Jones* v. *Smith,* supra; *Sluckey* v. *Watkins,* 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47). Thus, if the record is incomplete, or is merely silent concerning jurisdictional facts, the judgment, by reason of the presumption, will sustain itself against collateral attack by parties or privies on account of an alleged want of jurisdiction." See also *Copelan* v. *Kimbrough,* 149 *Ga.* 683, 686 (102 S. E. 162), and cit. These authorities are applicable to the case under consideration, and to the ruling announced in the first headnote. There is no allegation of failure to comply with any statutory requirement essential to the court's taking jurisdiction to grant administration or orders of sale, as dealt with in *Horne* v. *Rodgers,* 113 *Ga.* 224 (38 S. E. 768); *Powell* v. *Harrison,* 180 *Ga.* 197 (178 S. E. 745), and several cases therein cited, and other similar cases relating to the machinery of the court.

██ The rulings announced in the second and third headnotes do not require elaboration.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*

On rehearing the former judgment is adhered to. *Russell, C. J., and Bell, J., dissent.*

BELL, Justice, dissenting. According to the allegations, the ordinary appointed the administrator under the following circumstances: A will was on file in the office of the ordinary, as was also an application to probate it. The application, however, had been refused on account of the failure of the propounder to produce evidence that was accessible to prove the will, no caveat having been filed. In pursuance of his commission, the administrator took charge of the estate and sold the property in question. After the sale, the will was probated upon the application as originally filed. In it the present plaintiffs were named as devisees. The devisees thereafter brought the present action at law, to recover the land from the purchaser at the administrator's sale. The court overruled a demurrer filed by the defendant, and he excepted. The decision of the majority, reversing the judgment, holds that the allegations do not show that the appointment of the administrator

was void for want of jurisdiction, and that under the facts stated the court was not deprived of jurisdiction under the doctrine of lis pendens. Under the facts of this case, the writer does not deem it necessary either to agree or to disagree with the majority on the question of jurisdiction, and for the purpose of this dissent will assume that the appointment of the administrator was not void for want of jurisdiction.

Even if the fact of intestacy was not jurisdictional, the judgment appointing the administrator was not conclusive in the ordinary sense, but the issue as to intestacy would remain open for further consideration on the application to prove the will. Compare *Tucker* v. *Harris,* 13 *Ga.* 1 (58 Am. D. 488) ; *Walden* v. *Mahnks,* 178 *Ga.* 825 (174 S. E. 538) ; Estate of Guye, 54 Wash. 264 (103 Pac. 25, 132 Am. St. R. 1111) ; Withers v. Patterson, 27 Tex. 491 (86 Am. D. 643) ; Slade v. Washburn, 25 N. C. 557; Pickering v. Weiting, 47 Iowa, 242; Melia v. Simmons, 45 Wis. 334 (30 Am. R. 746) ; Griffith v. Frazier, 12 U. S. 9 (3 L. ed. 471). The pending application had not been determined to the extent of rendering a final judgment against the propounder, but had merely been denied for the want of sufficient evidence to prove the will. In *Scarborough* v. *Edgar,* 176 *Ga.* 574 (168 S. E. 592), it was held that a refusal of probate for lack of evidence did not amount to res adjudicata upon the question of intestacy; and there is authority to the effect that a judgment of nonsuit can not be rendered in such case. Re Young's Will, 123 N. C. 358 (31 S. E. 626) ; Collins v. Collins, 125 N. C. 98 (34 S. E. 195) ; Hutson v. Sawyer, 104 N. C. 1 (10 S. E. 85) ; Cowie v. Strohmeyer, 150 Wis. 401 (136 N. W. 956, 137 N. W. 778) ; St. Johns's Lodge v. Callender, 26 N. C. 335. It follows that the application to propound the will remained a live proceeding and constituted a lis pendens. The purchaser at the administrator's sale took with notice of that proceeding and subject to any judgment that might be later rendered therein. Code of 1933, § 37-117; *Swift* v. *Dederick,* 106 *Ga.* 35 (31 S. E. 788) ; *Cook* v. *Hendricks,* 146 *Ga.* 63, 66 (90 S. E. 383) ; *Walker* v. *Houston,* 176 *Ga.* 878 (169 S. E. 107) ; McIlwrath v. Hollander, 73 Mo. 105 (39 Am. R. 484) ; Garth v. Ward (1741), 2 Atkyns, 174 (26 English Reprint 509). "The court of ordinary is a court of general jurisdiction, and it is not essential that all the facts necessary to give jurisdiction shall appear upon the face of the

record. Where the record is silent, the presumption is that all necessary jurisdictional facts appeared, and no collateral attack can be made upon the judgment." *Jones* v. *Smith,* 120 *Ga.* 642, 644 (48 S. E. 134). So in the present case, if the defendant had purchased from the administrator innocently and without notice, he might have been protected. But even that question need not be decided in the case at bar. In *Martin* v. *Dix,* 134 *Ga.* 481 (68 S. E. 80), there was nothing of record to show the existence of a will or to put the purchaser on inquiry. In the present case an application to propound the will was pending at the time the letters of administration were granted and at the time of the administrator's sale. Consequently all proceedings in the administration were necessarily subject to the final outcome of that application, on the question of intestacy. In the circumstances the administration was subservient to the will as finally probated; and since it appears as a matter of law that the defendant purchased from the administrator with notice by lis pendens, his claim to title should fail in competition with the claim of the devisees. This is true for the reason that a will takes effect upon the death of the testator, however long the probate may be postponed. Code of 1933, § 113-105.

Whether or not in the circumstances the judgment appointing the administrator was subject to collateral attack, the views here expressed do not contemplate such an attack. The plaintiffs and the defendant simply claimed under a common propositus, and it is enough to say that the defendant purchased the property with full notice of the plaintiffs' claim. If an owner of property at different times executes deeds to different purchasers, and the second purchaser has notice of the deed to the other, his purchase will be subject thereto. In a contest between the grantees, the second deed should fail by reason of the notice, and a collateral attack would not be involved. The case would turn merely upon the question of priority; and such is the situation here, even assuming jurisdiction was not lacking. In the opinion of the writer the petition stated a cause of action, and the court did not err in overruling the demurrer. Chief Justice Russell concurs in this dissent.