## MORRISON *v.* DICKEY.

1. A contract of sale provided that a given amount was to be paid in cash and the balance of the purchase-price " to be paid as provided hereafter." *Held:* (1) That the contract was ambiguous as to the method of payment of the balance of the purchase-money. (2) That in order to explain this ambiguity it was competent to prove by parol that, prior to the execution of the contract, an agreement had been made between the parties that the balance of the purchase-money was to be paid out of profits of an enterprise referred to in the contract, and if there were no profits no amount was to be paid.

2. The petition setting forth a cause of action upon an alleged unconditional contract to pay a stated sum, and the answer denying that a contract of this character had been entered into, and averring that the real contract was one conditioned upon the making of profits in a given enterprise, proof showing that the contract was of the character claimed by the defendant was sufficient to defeat a recovery by the plaintiff, without reference to whether it appeared from the evidence that there were profits resulting from the management of the enterprise.

3. When the judge in his instructions to the jury fully explains the issues involved in the case, the refusal of a written request to charge that the jury are not to consider evidence disclosing other issues between the parties growing out of the transaction involved, except in so far as they throw light upon the controlling issues in the case, is no sufficient reason for reversing a judgment refusing to grant a new trial.

4. There was no error in refusing to declare a mistrial.

5. The evidence warranted the verdict, and no sufficient reason appears for reversing the judgment.

Argued February 8, — Decided March 8, 1905.

Complaint.    Before Judge Reid.    City court of Atlanta.    September 3, 1904.

*W. R. Hammond,* for plaintiff.
*Felder & Rountree,* for defendant.

COBB, J.    Mrs. Morrison brought suit against Dickey, and failed to recover.    She assigns error upon the refusal of the judge to grant a new trial.

1.    Morrison was conducting a business in his own name, and sold to Dickey a half interest in the business.    The contract relating to the sale was in writing, and recited that Morrison, " for and in consideration of the sum of $500 to be paid in cash, and $750 to be paid as provided hereafter," sold to Dickey a half interest in a described business.    Mrs. Morrison was the real owner of the business, but at the time of the sale to Dickey he did not know this fact.    Mrs. Morrison, having ratified the sale to Dickey, now brings suit to recover the $750 above referred to.    Her right to recover depends upon what is meant by the words, " to be paid as provided hereafter."    When the case was before this court on a former occasion it was held that these words created an ambiguity, and that " parol evidence was admissible to explain the ambiguity (Civil Code, § 5202) and show not only the date when such payment was to be made, but also the source from which and the condition on which it was to be paid.    The time of payment might be fixed by a date, or it might also be referred to the period when profits had been earned."    119 *Ga.* 698 (4), 702.    The plaintiff contends that the words, " as provided hereafter," mean that the amount is to be paid in accordance with the provision made after the contract was executed.    The defendant contends that " hereafter" refers simply to the time of payment, and that an agreement making provision for the method of payment, entered into before the contract was executed, would be a provision for payment which could be properly referred to though not described by the words " as provided."    In other words the contention of the plaintiff is that the expression " as provided hereafter" simply refers to the time of payment, and not to the method of payment, and if it refers to a method at all it relates to a method for which provision is to be made subsequently to the date of the contract; while the defendant contends that " hereafter " refers to the time of payment

but does not refer in any way to the date that the method of payment is provided for. Hence, under the theory of the defendant, a prior agreement to pay the $750 out of profits would satisfy the terms of the contract, because that was a method of payment "as provided" at the time the contract was signed. Dickey testified that the agreement entered into between himself and Morrison, prior to the signing of the contract, was that $750 was to be paid out of profits, and if there were no profits it was not to be paid at all. Under the ruling when the case was here before, this evidence would warrant a finding in favor of Dickey on this issue.

2. Error is assigned upon the refusal of the judge to charge that the burden was upon the defendant to show that there were no profits, and upon a charge that the burden was upon the plaintiff to show profits. We do not think these assignments are well taken. The plaintiff sued upon the contract as an unconditional agreement to pay $750. The theory of the plaintiff's case laid in her declaration is that this amount was to be paid absolutely and at all events, and that the only matter left unprovided for was the time of payment. She must stand upon the case laid in her declaration ; and if the evidence authorized a finding that there was not an unconditional agreement, the plaintiff's case fails, unless an appropriate amendment is made. All that was necessary for the defendant to show, in order to defeat a recovery by the plaintiff, was that the contract was not an unconditional promise to pay $750. He showed this by establishing that the agreement was to pay this sum out of the profits of a given enterprise, and if there were no profits it was not to be paid at all. He thus showed a different contract from the one declared on in the petition, and it was not necessary for him to go further and show that there were no profits. This would have been material if the plaintiff had sued to recover profits, instead of seeking to recover a fixed sum on an unconditional promise to pay. There was therefore no error in refusing to charge as requested; and the charge given was more favorable to the plaintiff than she had any right to demand, for it allowed her to recover on a theory of the case upon which she could not legally do so.

3. Complaint is made that the court erred in refusing a written request to charge to the effect that the jury were not to consider other issues between the parties which might be disclosed by the

evidence as growing out of the transaction involved in this case, except so far as such issues might bear upon the liability of the defendant for the sum sued for. The judge clearly and fully set forth to the jury what were the issues in the present case, and what were the questions to be determined by them to settle whether the defendant was liable to the plaintiff for the sum sued for. While it would not have been inappropriate to have given them a charge of the character requested, the refusal to do so, under the circumstances, would not be sufficient reason for reversing the judgment.

4. The case was concluded and the jury retired to their room at half past ten in the forenoon. An hour later the jury responded to an inquiry from the judge, as to whether they were likely to agree soon upon a verdict, that they thought they were likely soon to agree. In a few minutes thereafter the foreman reported to the court that the jury were not likely to agree. Counsel then agreed that a sealed verdict might be received in accordance with the usual practice of the court. Both counsel and the judge then left the court-room, the jury being in charge of two officers. About one o'clock in the afternoon one of the jurors knocked upon the door and stated to one of the officers who went to the door that he desired to see the judge, and the officer responded that the judge was at dinner. The juror then said that his daughter was going to be married that evening, and that he would like to be let off. That was all that passed between the juror and the officer. The officer did not tell the juror whether he would send for the judge or not. In about half an hour there was another knock upon the door of the jury-room, and the jury handed a sealed verdict to the officer. When the verdict was brought into court the following morning, counsel for the plaintiff asked the court to withhold the same from the record, in order to make an investigation as to what had occurred during the time the jury were considering their verdict. The following morning counsel for the plaintiff produced an affidavit from the officer in charge of the jury, which disclosed in substance what has been detailed above, and then moved that a mistrial be declared on the ground that the juror whose daughter was about to be married was not in a proper frame of mind to consider the case, on account of his apprehension of being too late

to prepare for the occasion of his daughter's marriage. The court overruled the motion for a mistrial, and directed the verdict to be published and entered of record. Error is assigned upon this ruling. We see no error requiring the granting of a new trial in this ruling. Counsel for the plaintiff argued in this court this assignment of error upon the theory that it was the duty of the officer to send for the judge, and that the record disclosed that he stated to the juror that he would not do this. This latter contention is not borne out by the record. We do not think, under the circumstances, that the officer was under any duty to send for the judge, and the case is in no wise different from many others where jurors, on account of engagements of various kinds, are impatient and restless on account of the jury's failure to agree upon a verdict, and zealously and earnestly desire to be at other places and under different surroundings. If the mere fact that the juror was apprehensive that the deliberations of the jury would keep him beyond the time when he could prepare for his daughter's marriage would be a sufficient reason for declaring a mistrial, then the floodgate for numberless motions for mistrial would certainly be open in this State. While we sympathize very much with a juror who should be caught at a time like this in the discharge of a public duty, his mind is no more disturbed than those of many other men who have been required to discharge public duties at times when so doing seriously interferes with other engagements.

5. The defendant Dickey testified that he managed the business, furnished all the money, had to keep putting it in, paid all the obligations, and if it had made any profits he had the means of knowing the fact, and that there were no profits made. This evidence was objected to upon the ground that the books kept in the conduct of the business were the best evidence. We do not see why one situated as the defendant was in relation to the business should not know as a fact whether the business was profitable, and why he should not be allowed to testify to this fact. But, without reference to this question, if any error was committed in admitting the testimony, it was immaterial; for, under the view we have taken of the case, the question whether profits were made in the business was not relevant to any issue in the case.

The evidence amply warranted the verdict in favor of the defendant on the issue made by the petition and answer, and we see no sufficient reason for reversing the judgment.

<em>Judgment affirmed. All the Justices concur.</em>