DECIDED JUNE 25, 1923.

Complaint; from Wilkes superior court — Judge Shurley. November 6, 1922.

*Colley & Colley, William Wynne,* for plaintiff in error.
*Clement E. Sutton,* contra.

---

## 14122.   KIKER *v.* BROADWELL.

BELL, J. At a previous hearing of this case this court held that the petition set forth a cause of action. For the nature of the petition see 28 *Ga. App.* 279 (111 S. E. 62). At the subsequent trial a verdict was directed for the plaintiff, and the defendant excepts. *Held*:

1. Regardless of whether our prior decision adjudicated, as insisted by the plaintiff in error, that the averment in relation to the defendant's possession was essential to the validity of the petition, the averment was indisputably proved at the trial. Notwithstanding the contention of the defendant that " he was permitted to occupy the premises temporarily pending investigation of the titles to the property, that he occupied and moved in a part of the premises, but was never given, nor did he ever have, the full or exclusive possession of the premises," because it was occupied partly by others during his residence in the building, the possession which he had was granted in pursuance of his agreement to purchase, and was accepted and used without objection to its sufficiency, he even consenting, through his wife as his agent, to the others remaining; and he not only occupied the premises pending " investigation of the titles," but continued to enjoy the character of possession stated for a number of weeks after his effort to repudiate the agreement. The agreement to purchase was signed on May 27, and the defendant and his wife moved into the house (to quote from the testimony of the latter) " about a week after that." The transaction was to be concluded on June 15. Prior to this date the defendant had procured an examination of the titles and had concluded to decline the purchase. Performance

was tendered by the plaintiff on June 15, as agreed, and was refused, but the defendant's possession, whatever its character, was not relinquished at the time of such refusal, nor according to the undisputed testimony of his wife, until some time in July. Assuming the correctness of the contentions of the plaintiff in error as to the effect of our former decision, its requirements were altogether met by the proof.

2. The purchase and sale agreement attached as an exhibit to the petition provided for the payment of the purchase price, $4,500, as follows: "$1,000 cash and $1,500 June 15th, and $1,250 in monthly notes of $50 each at 7% interest per annum, and the assumption of a loan of $750 now on the place." Our former ruling, that the petition was good as against a general demurrer, necessarily included a holding that the contract was sufficiently definite in respect of these terms. Upon this question the plaintiff in error is concluded by the law of the case. However, upon the merits, this case is distinguishable from *Lightfoot* v. *King*, 25 *Ga. App.* 80 (1), in the fact that the contract there provided for the payment of $2,000 in cash and "the balance of $1,300 in monthly payments," without stating the amounts, the number, or the times of these payments. In the case at bar the monthly payments are in the sum of $50 each. The identity and terms of the "loan of $750 now on the place," if necessary, could be shown by extrinsic evidence, and the agreement was not rendered void for uncertainty by reason of this provision. *Turner* v. *Berry*, 74 *Ga.* 481 (1); *Bank of the University* v. *Tuck*, 96 *Ga.* 456 (5) (23 S. E. 467); *Tumlin* v. *Perry*, 108 *Ga.* 520 (1) (34 S. E. 171); *Morrison* v. *Dickey*, 122 *Ga.* 417 (1) (50 S. E. 178); Civil Code (1910), § 5789.

3. The bond for title tendered by the plaintiff on June 15 set out the terms of the sale, as follows: "Twenty-five hundred dollars this day paid, the receipt whereof is hereby acknowledged, the assumption of a loan of $750.00 in favor of Mrs. F. G. A. Candler, and the remainder of $1250.00 payable monthly in notes of $50.00 each, the first of said notes maturing July 15, 1920, and one each month thereafter until all have been paid, for which deferred payments the said party of the second part has given 25 promissory notes, dated this day, bearing interest at the rate of 7 per cent. per annum from this date until paid." There was no material variance between the terms stated in the bond for title tendered and those set forth in the preliminary agreement. The initial payment of $1,000 was properly included in the bond for title with the $1,500 which was payable on June 15 and the aggregate stated as the cash payment as of that date, this being the total sum payable by that time, under the terms of the contract. This conclusion is not altered by the fact that the person who was agent for the plaintiff in negotiating the sale entered into an independent and individual undertaking to procure for the defendant a new loan sufficient to cover the old loan of $750 and the payment of $1,500 stipulated to be made on June 15.

4. It is a general rule, applicable to all simple contracts in writing, that where a person intending to enter into a contract delivers a writing containing blanks evidently meant to be filled, this creates in the re-

ceiver an implied authority to complete the instrument by filling the blanks in the way apparently contemplated by the maker, with matter in general conformity to the character of the writing. 2 Am. & Eng. Enc. Law, 253; *Hancock* v. *Empire Cotton Oil Co.*, 17 *Ga. App.* 170 (1), 182 (86 S. E. 434); 3 R. C. L., 1012, § 45; *Atlanta National Bank* v. *Bateman*, 21 *Ga. App.* 624 (3) (94 S. E. 853).

5. In the instant case an issue was raised by the evidence as to whether the terms of payment now appearing in the sale contract were contained in the writing before it was signed or filled up later in blanks. The instrument was not required by law to be under seal, and was not under seal. The fact that the contract may have been signed with the provisions as to the time and terms of payment left blank would afford no defense to the plaintiff's action, in the absence of proof that the provisions which were later filled in were not in accord with the actual agreement and understanding of the parties. There was no evidence that the contract as sued upon is at variance in the slightest degree with their actual understanding, or that the implied authority to fill up the blanks was in any way exceeded. The defendant himself testified, "The reason I didn't take that property was because Mr. C. [his attorney] told me there was something the matter with the deed." It follows that the conflict of evidence in the particular just referred to did not render necessary the submission of the case to a jury. See, in this connection, *Smith* v. *Farmers Mutual Insurance Asso.*, 111 *Ga.* 737 (36 S. E. 957); *Bowen* v. *Gaskins*, 144 *Ga.* 1 (3) (85 S. E. 1007). This ruling in no way conflicts with the decision of the Supreme Court in *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403 (1) (107 S. E. 327), nor with any therein cited, the contract in the instant case not being under seal.

6. No other reasons are urged by the plaintiff in error for setting aside the verdict, and the action of the lower court in directing it is therefore          *Affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from Fulton superior court — Judge Bell.   October 11, 1922.

*E. F. Childress, J. Caleb Clarke,* for plaintiff in error.
*Etheridge, Sams & Etheridge,* contra.