CATHARINE REBHAN

*v.*

SOLOMON MUELLER.

*Filed at Mt. Vernon June 13, 1885.*

1. PROBATE OF WILL—*within what time allowed.* There is no statute or law in this State limiting the time of probating a will to any given number of years. In this case, a will was admitted to probate thirteen years after the death of the testator, and letters of administration which had been previously issued on his estate were revoked.

2. REVOCATION *of letters of administration on finding a will—as to acts prior to the revocation.* Where a will of a deceased person is found and probated after the grant of letters of administration on his estate, such letters will be revoked; but all rights acquired under the letters will be protected.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. C. KUEFFNER, and Mr. J. M. DILL, for the appellant:

The lapse of seven years after the death of a decedent constitutes a bar to granting letters of administration, but which bar may be removed by showing circumstances which prevented an earlier application for them. *Fitzgerald* v. *Clancy,* 49 Ill. 465.

With regard to the time within which the lien of a creditor against the lands of a deceased, for the payment of the latter's debts, must be enforced, this court has repeatedly decided

that although there is not an express statute of limitations within which such a lien may be enforced, it would seem, by analogy to the lien of judgments and the limitations for entry upon and recovery of lands, that seven years from the death of an intestate should bar such liens. *McCoy* v. *Morran*, 18 Ill. 519; *Reed* v. *Colby*, 89 id. 107, and authorities there cited.

In *Rosenthal* v. *Renick*, 44 Ill. 205, the rule is said to be established in order to protect innocent purchasers. The reasons for protecting an innocent purchaser against a will kept secret, are as cogent as those for protecting him against the secret lien of debts.

By a modern regulation of the Prerogative Court of Canterbury, where probate of a will is applied for more than five years after the decease, some explanation should be given for the delay. *In the goods of Darling*, 3 Hagg. 561; 1 Williams on Executors, 195.

A proceeding to probate a will is a suit or action, and the Statute of Limitations may be held to be applicable to it. An action or "suit" has been defined by this court to be "an attempt to gain an end by legal process."

Mr. R. A. HALBERT, for the appellee:

It is said by Redfield, that in some of the American States there is no limit to the time beyond which a will can not be proved. 3 Redfield on Wills, 7, note 2.

It is held in Massachusetts that a will may be proved in the probate court after the lapse of twenty years, for the purpose of establishing a title to real estate, (*Shumway* v. *Holbrook*, 1 Pick. 114,) although a less period is limited to a grant of letters of administration. *Waters* v. *Stickney*, 12 Allen, 12; *Marcy* v. *Marcy*, 6 Metc. 370.

The case of *Fitzgerald* v. *Clancy*, 49 Ill. 465, decides only that claims against an estate can not be enforced against the realty of the decedent after seven years,—that the lien thereon is lost.

The Prerogative Court of England of course may establish a rule requiring an explanation, if the will is not presented for probate for five years; but this is in reference to wills bequeathing personalty, and does not apply to realty, as probate of wills devising realty was not required. 1 Jarman on Wills, (Rand. & Tal. ed.) 50.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Christian Mueller died March 7, 1870. On June 11, 1883, (more than thirteen years afterwards,) Solomon Mueller, a son of the deceased, produced in the probate court of St. Clair county a paper purporting to be the last will of the deceased, which was dated March 19, 1855, and asked that it might be admitted to probate. The witnesses to the will appeared, and after hearing their evidence the court revoked letters of administration which had been previously issued, and admitted the will to probate. No question was made in regard to the genuineness of the will or the capacity of the testator to make a will, but the point presented by the record "relates to the time within which a will must be offered for probate after the death of the testator."

Section 12, chapter 148, of the Revised Statutes of 1874, entitled "Wills," requires any person who may have in his possession the last will or testament of another, immediately upon the death of the testator to deliver such will to the county court of the county. This section of the statute imposes a fine for withholding a will from the county court, and also severe punishment for willfully secreting a will. But a failure of any person who had the custody of a will, to observe this requirement of the statute, could not affect the rights of any person claiming under a will, nor the jurisdiction of the probate court to admit the will to probate upon proper proof, whenever, within a reasonable time, a will might be brought into court. Upon the death of a resident of this State, if no

will is produced and probated, letters of administration may be granted upon the estate of the deceased. But section 28, chapter 3, of the Revised Statutes of 1874, declares: "If at any time after letters of administration have been granted, a will of the deceased shall be produced, and probate thereof granted according to law, such letters of administration shall be revoked." From the reading of this section of the statute the legislature did not seem to fix upon a definite time within which a will should be presented in court and admitted to probate, and we find no section of our statute which may be regarded as a limitation law barring the probate of a will after a specified time. The legislature has seen proper to limit the time within which different causes of action may be brought in this State, but as to the probate of a will no time has been designated within which it must be done. In England no definite time is fixed within which a will should be proved. In 1 Jarman on Wills, page 218, the author, in speaking on this subject, says: "The time within which, after the testator's death, the will is to be proved, is said, in England, to be somewhat uncertain, and left to the discretion of the judge, according to the distance of the place, the weight of the will, the quality of the executors, the absence of the witnesses, the importunity of the creditors and legatees, and other circumstances incident thereto." In Massachusetts, in *Shumway* v. *Holbrook*, 1 Pick. 116, it was held that a will may be proved more than twenty years after the death of the testator, in order to establish a title to real estate. In some of the States the time has been regulated by statute, but in the absence of a statute regulating the subject we are not aware of any precedent which would authorize a court in holding that a will could not be admitted to probate unless presented to the probate court within a specified time.

Within what time an action may be brought to recover a debt, or to recover the possession of lands, or within what time an action for tort may be brought, or, indeed, any action,

is purely a matter to be determined by an act of the legislature. So, also, if there is anything in the policy of the State which would require the will of a deceased person to be proved and admitted to probate within seven, ten, or any other given number of years, it is a matter to be regulated by the legislature, and not by judicial determination. It is no doubt desirable, and perhaps for the best interests of an estate, where a person dies testate, that the will should be presented to the court and probated at once; but if a will is not produced, and letters of administration issue, acts done and rights accrued under such administration will be entitled to protection, so that no serious consequences can follow from the delay in probating a will.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*