MALOY, guardian, *v.* MALOY *et al.*

1. An application was made in the court of ordinary for letters of dismission to be issued to a guardian. A caveat was filed thereto, which, among other things, alleged irregularity and fraudulent conduct on the part of the guardian, and also that his original appointment was void, and prayed for a decree declaring it to be so, and that all returns, orders, and decrees of the court of ordinary obtained for and against the estate,

and all the actings and doings of the guardian, be cancelled and declared void and of no effect, including an order for the sale of realty which had been granted, and under which a sale had taken place, and for such other orders and decrees as might seem meet and proper. The ordinary overruled the caveat, and an appeal to the superior court was entered. When the case came on for trial, counsel for the caveators introduced in evidence the original application and proceedings in the court of ordinary under which the guardian was appointed, and thereupon moved for a decree declaring that the appointment of the guardian was void. It does not appear that any evidence had been introduced by the applicant for discharge, or that the introduction of evidence had closed. The presiding judge granted a decree declaring the appointment of the guardian void, but making no reference to any disposition of the application for discharge. He declined to submit the appeal to the jury or to dismiss it on motion. *Held*, that such a decree so entered was erroneous.

2. A court of ordinary is not vested with the powers of a court of equity as to cancellation or other like equitable remedies; nor, on appeal from a decision of the court of ordinary in regard to granting letters dismissory to a guardian, has the superior court, as an appellate court, broader powers in reference thereto than the court from which the appeal was taken.

3. After certifying that the recitals in the bill of exceptions as to rulings of the court and how they were made are true and correct, the presiding judge is not authorized afterward to make a certificate conflicting with that which he has already signed.

4. Under the act of 1905 (Acts 1905, p. 84), if there is no brief of evidence on file in the trial court, and the evidence is sought to be brought up in the bill of exceptions, and any material evidence is omitted therefrom, within twenty days from the service of the bill of exceptions the judge may, on proper motion, make a supplemental certificate of the evidence so omitted, and such supplemental certificate, with the evidence so certified, shall be sent to this court and form a part of the bill of exceptions. But the original bill of exceptions, with the evidence included in it, being certified by the judge, the additional evidence must likewise be certified and verified by his signature. The law does not authorize the presiding judge, where there is no brief of evidence on file, to declare that some evidence has been omitted from the bill of exceptions, describe it in general terms, and leave the clerk to find and identify evidence as that introduced, and send it to this court.

5. Where application was made in the court of ordinary for letters of dismission to be granted to a guardian, and from his decision an appeal was taken to the superior court, this did not carry up the record of the original appointment of the guardian or make it a part of the record of the superior court. If, on the trial of the appeal of the case made by the petition for letters dismissory, the original record of the appointment in the ordinary's court was introduced in evidence, it did not ipso facto become a record of the superior court, nor did the clerk of that court have any authority to certify a copy of such record of the ordinary's court to this court, as a part of the record in the appeal case.

(*a*) If it is desired to have evidence introduced in the superior court, whether consisting of the record from another court or not, brought to this court, it should be done in the regular modes prescribed by law for bringing up evidence. It can not be done by ordering the clerk of one court to certify a copy of a record belonging in another court, and to transmit it to this court.

APRIL 27, 1910.

Appeal.    Before Judge Park.    Decatur superior court.    May 14, 1909.

R. T. Maloy filed in the court of ordinary a petition for letters of dismission from the guardianship of S. E. Maloy, alleging that he had fully executed his trust.    Citation issued.    Thereupon certain persons, who alleged that they were the heirs of S. E. Maloy and that he died intestate, filed, apparently in the nature of a caveat or objection to the discharge of the guardian, a paper in the form of a petition.    It alleged, in brief, as follows: Prior to the death of S. E. Maloy, upon the petition of R. T. Maloy, on November 1, 1904, the ordinary of Decatur county issued to eight named persons a commission, requiring them to inquire into the condition of S. E. Maloy, R. T. Maloy having made affidavit that he was an imbecile from old age and other causes, and incompetent to transact his business.    On November 2, five of the persons named in the commission and another returned a report to the effect that they had made such examination and found S. E. Maloy to be an imbecile from old age and other causes, and not of sound and disposing mind, and that he should have a guardian appointed. (The record shows that six of the eight commissioners made the return.)    Thereupon the ordinary appointed R. T. Maloy guardian of the person and property of the alleged imbecile, and fixed his bond, and the appointee qualified.    At the same term of court he made application for leave to sell real estate of the ward, which was granted at the next term.    There is no record in the ordinary's office of an inventory or return of the estate of the ward, made by the guardian in twelve months after his appointment and qualification, as required by law.    He took charge of certain real and personal property set out.    By virtue of the order to sell the real estate it was sold, and another person bid it in for R. T. Maloy, "guardian as aforesaid," for the sum of $1,500, when they both knew that this amount was not the value of the real estate.    The sale was made by collusion to defraud the estate and the ward by

the collection of a certain note payable to the person who bid in the property. While the ward was an imbecile and unable to make a contract, another person persuaded and induced him to sign the note, which was also signed by such other person. The guardian, the payee, and the other maker colluded together, and the payee sued on the note and obtained judgment. The guardian filed no defense, though he knew that the note was executed when S. E. Maloy was unable to make any valid contract. The guardian has made his return to the ordinary, pretending that he paid the money derived from the sale of the land in satisfaction of the execution issued on the judgment, thus expending the entire estate except a very small amount, and applying for final discharge from the guardianship and administration of the ward. The commission appointing eight persons to act as commissioners to examine into the condition of an imbecile from old age and other causes was without authority of law and void. The act of six of such commissioners was unlawful, as no number less than twelve could act in such a case. The ordinary had no authority to appoint a guardian upon such a return. R. T. Maloy has taken charge of all the property stated in this petition, and has made no inventory and return as required by law. All of his actings and doings are void. The petitioners prayed that the appointment of the guardian be set aside and declared void, "and that all his actings and doings be so decreed void;" that the sale and order authorizing the sale of the real estate be declared void and of no force and effect; "that all returns, orders, and decrees of the court of ordinary of Decatur county, obtained for and against the said estate of S. E. Maloy, and that all the actings and doings of R. T. Maloy, guardian, be and the same canceled and declared void and of no effect; and such other orders and decrees as may seem [meet] and proper, and will ever pray." Objections to the discharge were also separately filed, on the grounds that the applicant had not accounted by returns or otherwise for the disposition he had made of certain specified personal property, and that, although there was sufficient personal property and income from the estate to support the ward, he had made application to sell the real estate on the day of his appointment, and before making any inventory, so that the ordinary could not pass upon the condition of the estate in allowing the guardian

to sell a part of it; and that "said order and application being fraudulently obtained, that it should be set aside and declared void."

The ordinary passed an order denying the prayer of the caveat. The case was carried by appeal to the superior court. There the following judgment was entered: "This case coming on for trial, the same being an appeal from the ordinary's court, and after impaneling a jury in said cause, and by motion of counsel for the caveators, as set out in the caveat, and in the original appointment of said guardian, R. T. Maloy, the said appointment of said guardian is hereby decreed void and of no effect." Maloy, guardian, excepted. The bill of exceptions recited, that "before striking a jury to try said appeal, after the call of said case for trial, the attorneys for the appellants moved the court orally for an order or decree voiding the original appointment of R. T. Maloy as guardian of S. E. Maloy, as defective, on the grounds set out in the caveat to the dismissal, which motion, after argument had and after the attorneys for the appellants had exhibited to the court the original proceedings in the ordinary's court under which the said R. T. Maloy was appointed guardian, and which was resisted by the attorney for the appellee, the court granted and entered upon the caveat his judgment decreeing said appointment as guardian void and of no effect, and then and there refused to submit said appeal to trial by jury or dismiss same on motion, when requested by appellee's attorney." Exception was taken "to said judgment of the court and decree so rendered, and to the refusal of the court to permit said appeal to be tried by jury, or dismiss same on motion."

The bill of exceptions was certified on May 31, 1909. On June 15, counsel for the defendants in error apparently sought to have brought to this court, under the act of 1905 (Acts 1905, p. 84), the record of the appointment of the guardian in the court of ordinary, as evidence inadvertently omitted from the bill of exceptions. In the petition filed for that purpose there were various allegations in regard to the history of the case, some of them in conflict with the recitals in the bill of exceptions previously certified. Among other things it was stated, that, "After a jury was·stricken and impaneled to try said cause, these defendants, being the appellants from the ordinary's court, introduced in evidence, without objection, the following evidence" (reciting the different parts of the

record of the appointment of the guardian in the court of ordinary). "After the introduction of these original records of the ordinary's court and upon this evidence, the applicants [appellants] made a motion to set aside the appointment of R. T. Maloy as guardian, upon the ground that the appointment was void;" and the motion was sustained after argument. "Immediately after the court had rendered its judgment, the attorney for the guardian asked leave of the court to make a motion to dismiss the caveat and objections to the discharge of the administrator; to which motion the court replied that he was too late, that his judgment was made, but that the court would hear him and overrule his motion, which the court did." This petition did not set forth in full or in substance the evidence alleged to have been introduced, or have it attached and identified by the judge, but simply referred to it in general terms and asked to have it sent up. On this an order was passed which contained the following: "After examining the foregoing amended bill of exceptions and refreshing my memory as to what was tried and how tried, I hereby certify that this amended bill of exceptions is true, and in that part of the original bill that conflicts with this amended bill of exceptions, the original bill having been certified to inadvertently, I hereby certify that this amended bill is true against the original bill of exceptions, and specifies all the evidence and specifies all the record material to a clear understanding of errors complained of in said cause." The clerk was ordered to make out a complete copy of such parts of the record in said case as are specified "in this bill of exceptions," and certify them and cause them to be transmitted to the Supreme Court. The clerk thereupon transmitted to this court what purports to be a copy of the record of the court of ordinary in reference to the appointment of the guardian, and certified it as being the parts of the record in the present case specified in "the bill of exceptions," and required by the order of the presiding judge to be sent to the Supreme Court.

R. G. Hartsfield, for plaintiff in error.

Ledford & Terrell, contra.

LUMPKIN, J. (After stating the foregoing facts.) This case began in the court of ordinary with a petition for letters of dismission to be issued to a guardian. It terminated in the superior court with a decree that the appointment of the guardian was void

and of no effect. This decree was rendered by the judge, on motion of counsel for the caveators, after the introduction in evidence by them of the record of the application and proceedings in the court of ordinary leading up to the appointment. The application and caveat involved several questions of fact; but the judge seems to have been of the opinion that after this evidence was introduced, it was needless to go further. What became of the petition for letters of dismission, which brought the case into court, and which with the caveat was appealed to the superior court, does not distinctly appear. But we presume that the application to be dismissed from the guardianship was treated as absorbed into a decree that the appointment was void.

If the paper filed in the court of ordinary in opposition to the application for the dismissal of the guardian is to be considered as a caveat or legal objection to the discharge, as seems to have been done by the ordinary, it goes far beyond the range of opposition to the grant of the applicant's petition for dismission. If it is to be treated as also a petition seeking equitable relief, the court of ordinary had no jurisdiction to grant such relief, and the superior court, on appeal from the court of ordinary, had none. *Hufbauer* v. *Jackson,* 91 *Ga.* 298 (2), 300 (18 S. E. 159); *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (6), 1081 (48 S. E. 437). In any event the judge of the superior court could not, as soon as some evidence was introduced by caveators, terminate the case by a decree, rendered on motion, not disposing directly of the application for dismission of the guardian, by granting or denying it, or dismissing it, but simply adjudging that the appointment of the guardian was void. It is not clear exactly what was the procedure adopted. In the bill of exceptions it is recited that the case came on for trial in the superior court, and that "before striking the jury to try said appeal after the call of said case," the record of the appointment of the guardian was exhibited to the judge by counsel for the caveators, and that he then granted the decree on motion. The recitals in the judgment do not seem to be in complete accord with this. Some two weeks after this was certified, counsel for defendants in error sought to bring up this evidence, as having been inadvertently omitted, under the act of 1905 (Acts 1905, p. 84), although the terms of that act were neither substantially nor literally followed, and the clerk was ordered to send up *as record in the*

*present case a copy of a record belonging in the court of ordinary,* which had merely been introduced in evidence. In the petition which was presented to the judge for this purpose, and which he certified, were contained statements conflicting with those already certified in the bill of exceptions. The judge recognized this, and stated that in the part of the original bill of exceptions which conflicted with this amended bill of exceptions the latter was true "against the original bill of exceptions," which had been certified inadvertently.

Section 5528 of the Civil Code provides, that, when a bill of exceptions is presented, "the judge to whom such bill of exceptions is tendered shall, if needful, change the same so as to conform to the truth and make it contain all the evidence, and refer to all of the record, necessary to a clear understanding of the errors complained of." In section 5536 provision is made by which the defendant in error either in the main bill or cross-bill of exceptions can have additional portions of the record of the trial court transmitted to this court, and by which this court may itself direct additional parts of the record to be transmitted, if in their opinion it is necessary to have this done in order to fully and fairly adjudicate the questions at issue and the alleged errors. By section 5545 it is prescribed that if the bill of exceptions is not true or does not contain all the necessary facts, the judge may return it to the party tendering it or his attorneys for correction, and "if the judge sees proper, he may order notice to the opposite party of the fact and time of the tendering the exceptions, and may hear evidence as to the truth thereof." Thus provision is made for ascertaining the correctness of a bill of exceptions before signing it. But after the bill of exceptions has been duly certified to be true, there is no provision of law for the presiding judge to certify that it is not correct in part or in whole. *Woolf* v. *State,* 104 *Ga.* 536 (30 S. E. 796). This is not a cross-bill of exceptions, complaining of other rulings, but is an effort by a certificate to change recitals in a duly certified bill of exceptions. In *Dyson* v. *Southern Ry. Co.,* 113 *Ga.* 327 (38 S. E. 749), it was held that "A bill of exceptions duly and regularly certified according to law will not be vitiated by an additional certificate following the one required by statute. In such a case the additional certificate may be ignored and treated as harmless surplusage." By the act of 1905 the judge was au-

thorized to certify and have sent to this court additional evidence inadvertently omitted from the original bill of exceptions. But it did not authorize a certificate as to the rulings made by him, or how they were made, conflicting with what had already been certified. It will readily be seen that if a party dissatisfied with a ruling of a trial court should present and have duly certified his bill of exceptions, stating the ruling made, the time when it was made, and the objections or questions which were raised and passed upon, and subsequently, on ex parte application of the other side, the judge should sign a certificate conflicting with the former one in whole or in part, the plaintiff in error might have his status materially altered without his knowledge, and when it was too late for him to obtain a further statement; and a reviewing court might be left in much uncertainty as to what was the question raised in the trial court, how it was made, and what was the exact ruling on it. We have thought it proper to say this much in regard to the practice in tendering and signing bills of exceptions. But in the case before us our ruling would be in effect the same, whether the recitals in the original bill of exceptions or those in the petition presented by counsel for defendants in error should be taken as correct.

Evidence may be brought to this court in either of two ways: (1) Where a brief of evidence has been filed. In order to file such a brief it must first have been approved by the judge. When in due time so approved and filed, it becomes a part of the record, and, on exception, it can be brought to this court as any other part of the record is brought up. (2) Where no brief of evidence has been approved and filed, and the evidence is not a part of the record of the case, it must be brought up in the bill of exceptions, under the certificate of the judge, or be exhibited thereto, duly identified by the signature of the judge. If the bill of exceptions omits material evidence, the act of 1905 (Acts 1905, p. 84) provides for a supplementary certificate by the judge certifying to the omitted evidence, which evidence and certificate identifying it are required to be sent up by the clerk, and become an amendment to the bill of exceptions. But the law contemplates that evidence must be identified and approved by the judge before it can come to this court,—in the one instance by approving the brief, in the other by certifying the bill of exceptions, and identifying exhibits, if

there be any; and in case of a supplemental certificate under the act of 1905, by the judge's certifying to the additional evidence. In no event does the law provide for the clerk to gather up evidence not contained in the brief of evidence or the bill of exceptions or supplemental petition, and not a part of the record in the case tried, and send it to this court. He has no right to substitute his certificate for that of the judge. Nor has the judge authority to direct him to do so. Civil Code, §§ 5528, 5529, 5537; Acts 1905, p. 84. The introducing in evidence of pleadings or exhibits to pleadings in the case on trial, which are parts of the record, or the bringing up of affidavits used in interlocutory hearings, is not now before us. In the present case it was sought to have the clerk of the superior court certify and send to this court a transcript of an original record in the court of ordinary, which had been introduced in evidence or exhibited to the presiding judge of the superior court. It was no part of the record in the superior court, and had not become a brief of the evidence, approved by the judge and filed there. The petition to have it sent to this court recites that the appellants introduced in evidence "the original application to appoint a guardian," and other original papers constituting the record of the proceedings for the appointment of the guardian in the court of ordinary. The record of the appointment of the guardian was no part of the record of his application for dismissal, and could not have been lawfully transmitted to the superior court on the appeal in the latter proceeding. The original record of the appointment belonged in the court of ordinary, and not in the superior court. The clerk of the superior court is not authorized to certify to this court a record from the court of ordinary. · A clerk of one court can not certify a record of another court, nor can the judge authorize him to do so merely because the record was used as evidence, where it never became a record in the court where the trial was had. The record of the court of ordinary in the proceeding to appoint a guardian is not properly before this court, and can not be considered by us.

Possibly, if from the whole evidence it appears, without conflict, that the appointment of the guardian was null and void and there be no estoppel preventing the caveators from setting up that contention, the judge might dismiss the petition to discharge the guardian, on the ground that if in law there was no guardian, a

dismissal of a person as such is not proper; or perhaps a verdict denying the prayer for letters of dismission might be directed; or the jury might be correctly charged on the subject, as might appear proper under the evidence. If anything is sought which requires a decree of cancellation or setting aside of something which is voidable but not void, this must be accomplished by proceeding in equity, or, in proper cases, by a regular motion to vacate in the court having jurisdiction. On these possibilities we make no decision, as they do not appear to have been clearly passed on in the trial court. The applicant for letters of dismission brought the case into court, and occupied the position of a plaintiff. It does not appear that he had introduced his evidence, or that counsel on either side had announced their evidence closed; so that the case was not ripe for final disposition by motion to dismiss, direction of a verdict, or submission of the case to a jury. But at some early stage of the trial the caveators, who occupied the position of defendants in the application for letters dismissory, introduced some evidence and moved for a decree declaring that the original appointment was void; and this was granted. Error was also assigned on the ground that the court refused to submit the appeal to trial by jury, "or dismiss same on motion when requested by appellee's attorney."

We think this case should be returned for a trial on the petition for discharge and any legitimate objections to its grant, that the judgment should dispose of the case arising under such application, and that the entering of the decree by the judge on motion, upon the introduction of some evidence by the caveators, was erroneous.

*Judgment reversed. All the Justices concur.*