# Waltz's Appeal.

*Decedents' estate—Administrators—Discovery of will—Revocation of letters—Appointment of executors—Practice, O. C.*

1. Where upon the death of a decedent administrators are appointed, and subsequently a will is discovered naming executors, it

is the duty of the Orphans' Court to direct the surrender of the letter of administration and the issuance of letters testamentary to the executors.

2. In such a case the facts that the administration has been nearly completed, that it would be less expensive to permit the administrators to complete their work, and that all the heirs have agreed to this method of settling the estate, are not material.

Argued May 26, 1913. Appeal, No. 18, May T., 1913, by James P. Waltz, from decree of O. C. Fulton Co., refusing to direct the surrender of letters of administration and the issuance of letters testamentary in the Estate of William H. Nelson, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from decree of Orphans' Court reversing in part the decision of the register of wills. Before SWOPE, P. J.

The facts are stated in the opinion of the Supreme Court.

The Orphans' Court upon appeal from the decision of the register of wills directing the admission of the will of decedent to probate, and the surrender of letters of administration, granted before the discovery of the will, and the issuance of letters testamentary, reversed that part of the register's decree directing the surrender of the letters of administration and the issuance of letters testamentary. James P. Waltz, one of the executors, appealed.

*Error assigned* was the decree of the court.

*Charles Walter,* of *Walter & Gillan,* with him *S. W. Kirk,* for appellant, cited: Miller's App., 30 Pa. 478; Kerns' Est., 212 Pa. 57; King's Est., 9 W. N. C. 207; Miller's Est., 216 Pa. 247; Hays v. Pratt, 147 U. S. 557; Bowers v. Bowers, 26 Pa. 74; Lewis' Est., 21 Pa. Superior Ct. 393; Myers v. Hodges, 2 Watts 381.

*O. C. Bowers,* with him *J. Nelson Sipes,* for appellees. —Kern's Est., 212 Pa. 57; Walworth v. Abel, 52 Pa. 370; Weaver v. Roth, 105 Pa. 408; Phillips v. Phillips, 8 Watts 195; Miller's App., 30 Pa. 478.

OPINION BY MR. CHIEF JUSTICE FELL, June 27, 1913:

On the death of William H. Nelson, in April, 1911, letters of administration were issued to his brother and nephew, who proceeded to settle his estate. In February, 1912, it was discovered that he had left a will, of which one of the administrators and James P. Waltz, the appellant, were executors, by which a legacy of $1,000 was given to a church and a legacy and specific articles of personal property to a stranger to his blood and the residue of his estate was bequeathed to his brothers and sisters. At the time the will was discovered, the real estate of the decedent had been sold by order of the Orphans' Court, the assets of the estate collected, debts paid and little remained to be done. On the discovery of the will, the residuary legatees, who were the only heirs, agreed in writing that the administrators should continue to settle the estate and that they should make distribution thereof in accordance with the terms of the will.

On petition of the appellant, one of the executors named, the register of wills issued a citation to the administrator, who was then in possession of the will, to produce it for probate, and upon him and his co-administrator to show cause why the letters of administration should not be revoked and letters testamentary granted. The register, after a hearing on petition and answer, ordered that the will should be deposited in his office and admitted to probate and that the letters of administration should be surrendered and letters testamentary granted. From this order of the register, the residuary legatees and the administrators appealed to the Orphans' Court, which confirmed so much of the order as directed the probate of the will but reversed

so much thereof as directed the surrender of letters of administration and the issuing of letters testamentary and allowed the administrators to proceed with the final settlement of the estate in accordance with the agreement of the heirs, preserving the right of the appellant to claim before the auditor a part of the compensation due the administrators. From this decree of the Orphans' Court this appeal is taken. Since the estate is solvent, it is not probable that those interested as creditors or legatees would be prejudiced by the refusal of letters testamentary to the executors and the continuance in office of the administrators may facilitate the settlement of the estate and considering practical results only, it may seem to be a useless thing to change the course of administration. But nothing is useless that preserves orderly, legal procedure or secures a right, however small. Letters of administration were granted on the assumption that the decedent had died intestate and a condition of the grant named in the bond, prescribed by the act of assembly, was that they should be surrendered "if it shall hereafter appear that any last will and testament was made by the deceased." The estate was the decedent's and it was his right to make any lawful disposition of it and to name the persons who should administer it. Upon the probate of the will, that right was vested in the executors and it was not in the power of the legatees, by agreement among themselves, to deprive them of it. In Kern's Est., 212 Pa. 57, it was said by our Brother MESTREZAT, "The existence of a valid will and its probate determine conclusively that the letters of administration were improvidently granted and should be revoked.......When the validity of the will has been judicially determined by the register without appeal, or by the court on appeal, letters testamentary must be issued to the executor.......This in effect revokes the prior letters of administration, and the register on application should enter the formal decree of revocation."

The decree of the Orphans' Court is reversed and the order of the register directing that the letters of administration should be surrendered and letters testamentary should be granted to the executors named in the will, is reinstated.