## Commonwealth ex rel. Aungst v. Fisher, Register of Wills.

*Decedents' estates—Register of Wills—Probate—Letters testamentary—Will offered for probate more than twenty-one years after death of testator—Refusal to probate—Section 2, clause b, Fiduciaries Act of 1917—Section 16, clause b, Register of Wills Act of 1917.*

1. The probation of a will is a distinct and different act from that of granting letters testamentary.

2. Section 16, clause *b*, of the Register of Wills Act of 1917, P. L. 422, expresses in plain language the rule that a will may be offered for probate at any time, and this is not a change of the law, but is declarative of what was the law prior thereto.

3. Section 2, clause *b*, of the Fiduciaries Act of 1917, P. L. 458, providing "that no letters testamentary or of administration shall in any case be originally granted upon the estate of any decedent, after the expiration of twenty-one years from the date of his decease, except on the order of the Orphans' Court upon due cause shown," has no reference or application to the probate of a will.

4. Where the Register of Wills has refused to admit to probate a will, otherwise properly presented, on the ground that he was forbidden so to do by the Fiduciaries Act, as above quoted, the Court of Common Pleas, in a case which is not complicated by any application for letters testamentary, will issue a writ of mandamus, commanding the Register to probate the will.

Mandamus. C. P. Dauphin Co., Jan. T., 1922, No. 589.

O. G. *Wickersham*, for plaintiff; *Eugene G. Cohen*, for defendant.

Fox, J., Oct. 9, 1922.—Upon the presentation of the petition, the court granted a writ of alternative mandamus. The petitioner alleges, and it is not denied by the answer, that the testator, Michael Ulrich, made his last will and testament on Dec. 1, 1884, and soon thereafter died. The said will and testament had not been discovered until after the death of Annie E. Mumma, the only child of the testator, whose death occurred shortly prior to the pre-.

2 D. & C.

sentation of the petition. The will was presented to the Register of Wills in and for the County of Dauphin for probate; the Register received it, but refused to probate the same, whereupon the petition for the writ was presented and an alternative writ of mandamus was granted.

Section 1 of the Act of April 1, 1909, P. L. 79, provides as follows:

"1. Where the last will of any decedent shall not have been offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a *bona fide* conveyance or mortgage of the real or personal estate of said decedent, duly recorded before the date of the offering of said will for probate: Provided, that this act shall not take effect, as to wills which would be sooner affected, until the expiration of one year from the date of its passage."

Section 16, clause *(b)*, of the Register of Wills Act of June 7, 1917, P. L. 415, 422, provides as follows:

"*(b)* The last will of any decedent may be offered for probate at any time: Provided, that if such will shall not have been offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a *bona fide* conveyance or mortgage of the real estate of said decedent, duly recorded before the date of the offering of said will for probate."

The latter act did not change the law, but was declarative of it only.

We think, under the first cited act, a will not offered for probate within three years from the date of the death of the testator could have been offered at any time thereafter, but would have been void and of no effect against a *bona fide* conveyance or mortgage of the real or personal estate of the said decedent, duly recorded before the date of the offering of said will for probate.

The latter act expresses in plain language that the will of any decedent may be offered for probate at any time, with a provision to the same effect as in the Act of 1909, that if not offered for probate within three years from the date of the death of the testator, the same shall be void and of no effect against a *bona fide* conveyance or mortgage of said real estate of the said testator, duly recorded before the date of the offering of the said will for probate.

We are of opinion that, under the language of the several acts of assembly, it was the duty of the Register of Wills to receive and probate the will.

The reason for the refusal of the Register of Wills to probate the will is ᵇᵉᶜᵃᵘ.e of the provision of clause *(b)*, § 2, of the Fiduciaries Act of June 7, ᵢᵥ_., P. L. 447, 458, "That no letters testamentary or of administration shall in any case be originally granted upon the estate of any decedent after the expiration of twenty-one years from the day of his decease, except on the order of the Orphans' Court upon due cause shown."

There is no request in this case for letters. The request is that the Register of Wills probate the will.

The probation of a will is a distinct and different act from that of the granting of letters, and so recognized by the legislature in passing the several acts of assembly above referred to. One purpose of probating a will at any time, be it long or short, after the death of the testator is to establish title to real estate; the purpose of the granting of letters is that the estate of the decedent may be administered.

In the absence of any statutory provision against probating a will after a lapse of a number of years succeeding the testator's death, we think the Register of Wills, prior to the statutes referred to, was bound to probate a will when presented to him for that purpose.

We find no decisions in this State upon the question, but the law in other states is as we have above expressed it. See Waters v. Strickney, 12 Allen (94 Mass.), 1; Shumway v. Holbrook, 1 Pickering (18 Mass.), 114; Haddock, Executor, v. Boston & Maine R. R. Co., 146 Mass. 155; Rebhan v. Mueller, 114 Ill. 343; 28 Ruling Case Law, 361.

The question as to whether or not the petitioner should have taken an appeal, as provided by the Register of Wills Act, § 21 (a), has not been raised, and we have, therefore, not considered it.

It is now ordered, adjudged and decreed that a writ of peremptory mandamus be now issued, commanding Edwin H. Fisher, Register of Wills in and for Dauphin County, to probate the will presented to and received by him as the last will and testament of Michael Ulrich, deceased.

From William Jenkins Wilcox, Harrisburg, Pa.