WALDEN *et al. v.* MAHNKS.

No. 9852.   MAY 24, 1934.

*Roy V. Harris* and *M. C. Barwick,* for plaintiffs in error.

*N. J. Smith* and *Herschel E. Smith,* contra.

BELL, J.   Mrs. Sallie Walden McNeal died a resident of Jefferson County, Georgia, on May 14, 1920, leaving as a part of her estate a house and lot in Glascock County, and a tract consisting of several hundred acres in Jefferson County.   Her surviving husband, Jesse L. McNeal, was appointed administrator by the court of ordinary of Jefferson County on a date which does not appear in the record, and was granted letters of dismission on October 3, 1921.   Jesse L. McNeal died on June 4, 1932, and his brother, R. T. McNeal, was appointed administrator of his estate.   In September, 1932, Mrs. Mahnks, a niece of Mrs. McNeal, filed in the court of ordinary of Jefferson County a document which she presented as a copy of the last will and testament of Mrs. McNeal, praying that the same be admitted to probate and record in lieu of the original.   By the copy of the alleged will it appeared that Mrs. McNeal devised to her husband, Jesse L. McNeal, "for and during his natural life only," all of the real estate mentioned above, with remainder over to Mrs. Mahnks, and to Callie Walden, another niece of the testatrix, "in equal parts, share and share alike." There was further provision that if either of the nieces should die "before this will takes effect, leaving no child or children, then the entire estate in remainder  .   .   is to go to the survivor of them; and if one of them be dead, leaving a child or children, such child or children are to take per stirpes in lieu of such deceased parent."

According to this alleged copy, the original will was executed in due form on April 30, 1910. No one was named as executor.

The application for probate alleged the facts stated above, and also the following: Jesse L. McNeal as husband was the sole heir at law of Mrs. McNeal, she having died without child or children or descendants of a deceased child, and he was discharged from his trust as administrator upon the false and fraudulent allegation that he had fully administered the estate, having then in his possession the will of Mrs. McNeal, which he concealed in order that he might claim the fee-simple title to all the real estate, contrary to the terms of the will. The will was lost or destroyed by Jesse L. McNeal subsequently to the death of the testatrix. Applicant is entitled to the entire estate in remainder, Callie Walden, the other niece, having died prior to the death of the testatrix. K. P. Walden, of Jefferson County, claims title to the tract of land situated in that county, through conveyances from the aforesaid Jesse L. McNeal.

The applicant prayed that the discharge of Jesse L. McNeal as administrator of his wife be revoked, and that upon the probate of the will letters of administration de bonis non cum testamento annexo be issued to the applicant. R. T. McNeal, as administrator of Jesse L. McNeal, and K. P. Walden, the alleged claimant of a portion of the real estate, were expressly made parties to the application. There was no prayer that the judgment of the court of ordinary appointing Jesse L. McNeal as administrator be revoked or set aside, nor was there an independent proceeding for this purpose.

R. T. McNeal, as administrator, and K. P. Walden filed a caveat to the application of Mrs. Mahnks, as described above, denying that Mrs. McNeal died testate, and alleging that if she ever made a will the same was revoked. They further alleged, among other things, that K. P. Walden was the holder of security deeds covering the land in question, executed to him by Jesse L. McNeal in 1930 and 1931 respectively, each containing a power of sale, and that the property was at the time being advertised for sale in accordance with the power, the indebtedness being past due and unpaid.

The court of ordinary refused the application for probate, and Mrs. Mahnks took the case by appeal to the superior court. In that court an amendment was offered by the caveators, in which

they sought to plead as a bar the judgment appointing Jesse L. McNeal as administrator, contending that this judgment necessarily adjudicated "an intestacy on the part of" Mrs. McNeal, and that until this judgment is set aside there could be no valid judgment probating the alleged lost will. They further alleged that it is now too late to undertake to set aside this judgment, more than three years having elapsed, and the applicant or propounder having had actual knowledge of the judgment as early as the year 1922. The judge of the superior court refused to allow the amendment, and to this ruling the caveators excepted pendente lite. The trial resulted in a verdict in favor of Mrs. Mahnks, the propounder; and the caveators' motion for a new trial having been overruled, they excepted. The bill of exceptions also brings the question of whether the court erred in disallowing the amendment to the caveat. In the brief of counsel for the plaintiffs in error it is stated that only the following three questions are involved: " (1) Can a will be set up after there are judgments on record in the ordinary's court, declaring an intestacy as to the deceased, without first setting aside the judgments declaring an intestacy? (2) If not, can such action be commenced more than three years after knowledge of the will and knowledge of the judgments of intestacy? (3) Does the evidence warrant·the verdict?"

The first and second questions as stated by counsel for the plaintiffs in error arise upon the pleadings. Jesse L. McNeal was appointed administrator of his wife's estate more than ten years before the application of Mrs. Mahnks to probate the will was filed. The applicant did not seek to set aside this judgment either in the application or otherwise. By an amendment the caveators sought to plead the judgment as a bar to the application for probate. The amendment further alleged that the judgment could not now be set aside, more than three years having elapsed, and the applicant having known of the existence of the judgment during all of this period. Did the court err in refusing to allow this amendment? The court of ordinary was the proper court to determine the question of intestacy, and this was one of the questions to be determined upon the application of letters of administration. *Arnold* v. *Arnold,* 62 *Ga.* 627. Until reversed or set aside, a judgment of a court of competent jurisdiction is conclusive between the· same parties and their privies as to all matters put in issue, or which under the rules

of law might have been put in issue in the case wherein the judgment was rendered. Civil Code (1910), §§ 4336, 5943. But where an application for letters of administration is filed, and no will is at the time offered for probate, is a judgment granting the application and appointing an administrator conclusive in the sense that a will subsequently presented to the ordinary can not be admitted to probate so long as the previous judgment is outstanding? The court of ordinary, within the scope of its jurisdiction, had determined an intestacy; but it is our opinion that such an adjudication, if it may be so designated (cf. In re Davis's Estate, 11 Mont. 196, 28 Pac. 645), is not conclusive to the same extent as other judgments. On the contrary, the question would seem to be open for future consideration in the event a will should be brought to the attention of the court in a proper manner. By the Civil Code (1910), § 3971, it is provided that every administrator when qualified shall take and subscribe the following oath or affirmation: "I do solemnly swear (or affirm) that A. B., deceased, died intestate, so far as I know or believe, and that I will well and truly administer on all the estate of the said deceased, and disburse the same as the law requires, and discharge to the best of my ability all my duties as administrator. So help me God." This oath, or affirmation, *follows* the appointment; and if the court had determined forever that the decedent died intestate, why call upon the administrator to testify further concerning the matter? The requirement that even after his appointment the administrator must take an oath that so far as he knows or believes the deceased died intestate is a clear implication that the adjudication is conditional, and will not prevent the subsequent presentation and probate of a will. In Buchle's Estate, 14 Pa. Co. 99, it was held that under the form of oath required of administrators by the law of Pennsylvania, the appointment of an administrator in that State could not be regarded as an adjudication that the decedent died intestate, since the form expressly provided "if it shall hereafter appear that any last will and testament was made by the said deceased, and the same shall be proved according to law, the letters of administration shall be surrendered into the register's office." It is true that the oath required of an administrator in Georgia does not contain the explicit reservation that a will may be subsequently proved; but if such is not the manifest intention of the law, it is

then a mere idle procedure to have the administrator take an oath as to the non-existence of a will after the rendition of the judgment appointing him to that trust. For other decisions depending upon the statute of Pennsylvania, see Kern's Estate, 212 Pa. 57 (61 Atl. 573) ; Estate of Nelson, 242 Pa. 167 (88 Atl. 974, 49 L. R. A. (N. S.) 894).

In Kane v. Paul, 39 U. S. 33, 40 (10 L. ed. 341), it was said that "The appearance of an executor, with proof of the will and letters testamentary, subsequently to the grant of letters of administration, in a case where it was supposed there was no will, is of itself a revocation of the latter." This statement appears to have been based upon a conception of the common law, although it was further declared : "And so is the law of Maryland," a will of that State being involved. In re Mears' Estate, 75 S. C. 482 (56 S. E. 7, 9 Ann. Cas. 960), it was held by the Supreme Court of South Carolina that where letters of administration have been granted on the supposition of intestacy, a will thereafter found may be admitted to probate without first revoking the letters of administration, as the probating of the will is a revocation of the previous administration. In the opinion in that case it was said : "If the view should be adopted that a will could not be probated until a decree had been obtained in an independent proceeding annulling a previous grant of letters of administration, the whole question of will or no will would necessarily be tried in such independent proceedings, whereas the statute provides it must be tried only in proceedings instituted to have the will admitted to probate." See also Broffee's Estate (Kelly v. Curtis), 206 Mich. 107 (172 N. W. 541) ; Clark v. Holt, 16 Ark. 257, 267; Dixon v. D'Armond, 23 La. 200; McCauley v. Harvey, 49 Cal. 497. A different rule seems to prevail in some jurisdictions. The exact question has not heretofore been dealt with by this court on facts identical with those appearing in the present record, but in *Thomas* v. *Morrisett,* 76 *Ga.* 384, it was held that "No general administration upon an estate should have been granted in this State, where there was a will in existence which was afterwards proved and admitted to record; and if such administration has been granted in this State, and afterwards a will has been established, this would work a revocation, except as to such portions of the estate as had been fully administered prior to the production and probate of the will." See

also *Scarborough* v. *Edgar,* 176 *Ga.* 574 (3) (168 S. E. 592). By the Civil Code (1910), § 3862, it is declared that every person having possession of a will must file the same with the ordinary of the county having jurisdiction; and on failure to do so, the ordinary may issue process as for contempt, and fine and imprison the person thus withholding the paper until the same shall be delivered. Except as to proof in solemn form after probate in common form (Civil Code of 1910, § 3857), there is no statute of limitation upon the time within which a will may be probated (cf. Rheban *v.* Mueller, 114 Ill. 343 (2 N. E. 75, 55 Am. R. 869); and if a will is finally offered, its proof and record can not be denied upon the ground of delay by the propounder, nor because of acts on his part from which an estoppel might arise in other cases. In *Finch* v. *Finch,* 14 *Ga.* 362, it was held that a contract by a legatee not to offer for probate a will is not a bar in the court of ordinary to the propounding of the will, but that the court will decide upon the factum of the will only, leaving the rights of the parties to be determined by appropriate tribunals thereafter. A court of ordinary in probating a will merely adjudicates the issue devisavit vel non, and in a proper case will enter upon a determination of that question regardless of other issues between the parties. *Wells* v. *Thompson,* 140 *Ga.* 119 (6) (78 S. E. 823, 47 L. R. A. (N. S.) 722, Ann. Cas. 1914C, 898); *Trustees* v. *Denmark,* 141 *Ga.* 390 (2) (81 S. E. 238); *Hardeman* v. *Ellis,* 162 *Ga.* 664, 711 (135 S. E. 195).

In view of the statute of this State in regard to the oath or affirmation to be subscribed by an administrator, and of the principles enunciated in the authorities cited above, we are of the opinion that a will may be admitted to probate without first annulling or setting aside a previous judgment appointing an administrator on the supposition of intestacy. This conclusion is not in conflict with any of the decisions relied on by counsel for the plaintiffs in error, among which are the following: *Wallace* v. *Walker,* 37 *Ga.* 265 (92 Am. D. 70); *Medlin* v. *Downing Lumber Co.,* 128 *Ga.* 115 (57 S. E. 232); *Dickerson* v. *Bowen,* 128 *Ga.* 122 (57 S. E. 326); *Knowles* v. *Knowles,* 132 *Ga.* 806 (65 S. E. 128); *Thompson* v. *Chapeau,* 132 *Ga.* 847 (65 S. E. 127); *McDaniel* v. *Maddox,* 143 *Ga.* 624 (85 S. E. 858). None of these cases purported to deal with the question now before the court for determination.

It is doubtless true that the allegations made by the propounder in this case should be construed as showing that she was fully aware of the execution and existence of the will at the time the administrator was appointed (to say nothing of her testimony to that effect as it appears in the record). In these circumstances, counsel for the plaintiffs in error invoke the principle stated in *Fitzgerald* v. *Bowen,* 114 *Ga.* 691 (40 S. E. 735), to the effect that one who has knowledge of the pendency of a case in which he has a direct pecuniary interest, and makes no effort by intervention or otherwise to protect his rights, can not after judgment in that case maintain an equitable petition to set aside the judgment or restrain its enforcement. That case did not involve the probate of a will, and the principle is not applicable here.

While the order appointing the administrator may not have been void, and the rights of third persons may have become involved, probate of the will should not be refused upon these grounds. Whether or not the propounder may be able to reclaim the property which has gone into other hands is a matter for future determination in some other proceeding.

It being unnecessary to set aside the appointment of the administrator before proceeding with the probate of the will, the statute of limitations did not apply, and it is immaterial that the application for probate was filed more than three years after the judgment appointing the administrator. Thus questions 1 and 2, as stated in the brief of counsel for the plaintiffs in error, should each be answered in the affirmative, contrary to their contention.

To the statement which precedes this opinion, it should be added that the questions raised by the proposed amendment to the caveat related to the judgment discharging the administrator as well as to the judgment of appointment. What has been said above will apply to both judgments so far as their conclusiveness on the question of intestacy and the applicability of the statute of limitations are concerned.

This is not a suit in equity, or one respecting title to land; but it is a case involving the mere probate of a will, and the jurisdiction of the superior court on appeal was no greater than that of the court of ordinary in which the case originated. *Maloy* v. *Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80). The sole issues were devisavit vel non and the establishment of the copy. Accordingly, all that we now hold

832

is that on proof that a will was duly executed as claimed, the prior judgments must yield so far as they may have adjudicated an intestacy or appeared as obstacles to the probate of the will and the appointment of an administrator with the will annexed. Because of narrow limits of the inquiry in cases of this kind, we can make here no further adjudication as to the effect of these judgments, nor determine any question as to the rights of third persons. Anything more than has been said on these questions would be obiter, and thus could determine nothing as to the further rights of the parties. Without expressing now any opinion upon the question, we call attention, however, to the following authorities as to the effect of acts of an administrator performed before a will is produced: *Martin* v. *Dix,* 134 *Ga.* 481 (68 S. E. 80); Rheban v. Mueller, supra; Fidelity & Casualty Co. *v.* Freeman, 48 C. C. A. 692 (109 Fed. 847, 54 L. R. A. 680); Carr *v.* Illinois Central Railroad Co., 180 Ala. 159 (60 So. 277, 43 L. R. A. (N. S.) 634, note); Kittredge *v.* Folsom, 8 N. H. 98; Perkins *v.* Owen, 123 Wis. 238 (101 N. W. 415); Schluter *v.* Bowery Savings Bank, 117 N. Y. 125 (22 N. E. 572, 5 L. R. A. 541, 15 Am. St. R. 494); 23 C. J. 1031, 1095.

■ The Civil Code (1910), § 3863, provides as follows: "If a will be lost or destroyed subsequently to the death, or without the consent of the testator, a copy of the same, clearly proved to be such by the subscribing witnesses and other evidence, may be admitted to probate and record in lieu of the original; but in every such case the presumption is of revocation by the testator, and that presumption must be rebutted by proof." The evidence was sufficient to comply with the provisions of this section, and to authorize the verdict in favor of the propounder. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*