An application to probate in solemn form a copy of an alleged will claimed to have been lost or destroyed was filed in a court of ordinary. After a demurrer and a caveat were filed in that court, the case was appealed by consent to the superior court. Later an independent suit was filed in the superior court, seeking an injunction to restrain further prosecution of such application for probate, and alleging as basis for such injunctive relief (1) that as a matter of fact the decedent died intestate, and (2) that the propounder had been guilty of laches. The court sustained a general demurrer to the suit for injunction, and the plaintiffs in such action excepted. Held: Under the statute law of this State, courts of ordinary have "exclusive" jurisdiction of the "probate of wills." Code, §§ 24-1901, 113-603. Accordingly, the petition in equity did not state a cause of action upon either or both of the grounds alleged; and for this reason, regardless of others urged, the court did not err in sustaining the general demurrer and dismissing the action. See Code, §§ 113-105, 113-605; Maloy v. Maloy, 134 Ga. 432 (2) (68 S.E. 80); Walden v. Mahnks, 178 Ga. 825 *Page 803 
(174 S.E. 538, 95 A.L.R. 1101); Hadden v. Stevens, 181 Ga. 165
(2) (181 S.E. 767); Benton v. Turk, 188 Ga. 710
(4 S.E.2d 580).
Judgment affirmed. All the Justicesconcur.
 No. 14035. APRIL 16, 1942.
On July 31, 1940, W. W. Morgan filed in the court of ordinary of Fulton County a petition alleging and praying as follows: L. L. Clifton died on July 7, 1899, a resident of Campbell County, now a part of Fulton, leaving a will in which he bequeathed a described tract of land to his widow, Mrs. Elizabeth Clifton, for life, with remainder in fee simple to his two sisters, naming them, "and their heirs." There being no children, Mrs. Clifton was his sole heir at law and custodian of said will, but she failed and refused to probate the will, and lost or destroyed it after the death of the testator, "all of the subscribing witnesses being then deceased." She became by remarriage Mrs. Hudgins, and died on March 11, 1940, without accounting for the loss or destruction of the said will of her former husband. The sisters named in the will as remaindermen survived the testator, but are now deceased, and petitioner is an heir at law of one of them, and there are other heirs at law consisting of several persons named, and "petitioner presents herewith a substantially true and correct copy of the said lost or destroyed will of the said testator," and prays leave to establish and prove the same in solemn form in lieu of the original. A motion to dismiss the foregoing application for probate, and a caveat to the same, were filed in the court of ordinary by Elizabeth Fitzgerald, Gladys Fitzgerald Whitehead, and William E. Whitehead, in the capacities respectively hereinafter mentioned. The case as thus made in the court of ordinary was appealed by consent to the superior court. During its pendency on appeal the caveators, on June 6, 1941, filed in the superior court an independent suit in equity, alleging substantially what has been stated above as to the proceedings in the court of ordinary and in the superior court, and the following: L. L. Clifton did not leave a will, but died intestate, survived only by his widow as sole heir at law. The land owned by Clifton was thus inherited by her, and she remained in possession of it as owner until the date of her death, having made in the meantime "valuable improvements on said property." Mrs. Clifton, after remarriage Mrs. Hudgins, *Page 804 
died leaving a will in which she bequeathed the land in different parts to the present petitioners, and in which she also nominated them as executors. The will of Mrs. Hudgins was duly probated in Fulton County on March 29, 1940, a copy of it being annexed to the petition. The plaintiffs are suing in equity, in their individual and their representative capacities. The defendant, W. W. Morgan, filed the application to probate the alleged copy of will of L. L. Clifton. The purpose of the petition is to enjoin Morgan from further prosecuting his application for probate; and petitioners prayed for such injunction, and for general relief. As basis for the relief sought, the following additional allegations were made:
Said purported copy of said alleged will purports to have been witnessed by W. J. Scarbrough, J. P., Gus Miller, and Joe Shaw. All of the three just named died before the death, on March 11, 1940, of Mrs. Elizabeth Hudgins. If L. L. Clifton executed, declared, and published an original will dated June 28, 1899, as alleged by Morgan in his petition to establish a copy of the same (which allegation plaintiffs specifically deny), then over forty-one years elapsed between the time of the death of L. L. Clifton, to wit, July 7, 1899, and July 31, 1940, the time of the filing of the petition to establish a copy of the alleged original as a lost or destroyed will; and in the meantime all of the alleged witnesses of said alleged will had died, and the widow of L. L. Clifton had died. Even if L. L. Clifton executed, declared, and published an original will dated June 28, 1899, as alleged by W. W. Morgan (which allegation plaintiffs specifically deny), then Morgan was and is barred, by limitation, lapse of time, and laches, from seeking to establish such copy and from probating or offering to probate it as a will. By such long delay the defendant has rendered difficult the ascertainment of the truth in respect of the execution of said alleged will, and the alleged loss or destruction of the alleged original thereof. During said delay evidence in respect of such matters has been lost and become obscure, and said delay has been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy; and the plaintiffs allege, in these circumstances, that they are entitled to an injunction restraining the defendant from proceeding with his petition and the case or proceeding based thereon, and said appeal, *Page 805 
in respect of each and all of the relief and prayers of said petition.
The defendant filed a general demurrer urging various reasons why the petition did not state a cause of action. The court sustained the demurrer and dismissed the action. The plaintiffs excepted.