## Underdown Estate

*George G. Abel, III*, for proponent of codicil.
*M. Paul Smith*, for caveator.

TAXIS, P. J., March 8, 1974—The present motion to quash questions the standing of Justin G. Duryea, named coexecutor (with Girard Trust Bank) in decedent's 1969 will, to object to the probate of a 1973 codicil thereto. In the codicil, decedent revoked the appointment of Duryea as coexecutor and replaced him with his nephew, Raymond L. MacGregor, Jr. Both documents have

been lodged for probate, and Duryea has filed a caveat setting forth that testator lacked testamentary capacity and was subjected to undue influence by MacGregor when the codicil was executed. The codicil specifically republishes the will and makes no changes in its dispositive provisions, under which MacGregor receives 60 percent of the residue.

Duryea is a practicing attorney and a member of the Montgomery County bar. He drew the 1969 will and had served as decedent's attorney for approximately ten years. He had for a time held a power of attorney from decedent, but this was changed in 1973 to MacGregor. Duryea has no beneficial interest in the estate, since he is not an heir, relative or legatee of decedent. MacGregor contends that Duryea is not a party in interest and has no standing to object to probate of the codicil.

Section 908(a) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No. 164) (now the Decedents, Estates and Fiduciaries Code), 20 Pa.C.S. §908(a), provides, insofar as relevant: "Any party in interest who is aggrieved by a decree of the register, . . . may appeal therefrom to the court within two years of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it . . ."

The same considerations must govern the standing of a party who has filed a caveat as would be applied to determine whether the same party could appeal from a decision by the register adverse to him. One who would have no such right to appeal would have no right to participate in the probate

proceedings by caveat. See Hetzel Will, 3 Fiduc. Rep. 564 (1953).

We believe that Duryea has standing to question probate of the 1973 codicil. He is an executor named in the will, and no question exists concerning its probate. Section 908(a), by the insertion of the proviso, clearly recognizes that an executor is normally a party in interest in the administration of an estate, including matters of probate, since he is the one chosen by the testator to carry out his wishes. Many cases have so held. See, e.g., Waltz's Appeal, 242 Pa. 167, 88 Atl. 974 (1913); Radler's Estate, 92 Pitts. L.J. 417 (1944).

When a statute contains a limitation such as the proviso in section 908(a), which limits the operation of a well-established basic rule, it should be literally and cautiously applied. Duryea cannot, in any event, be in the position of appealing from a decree refusing probate of the 1969 will, and so he is not within the proviso. On the contrary, it would be MacGregor who would be disqualified from appealing, as named executor, if the register should refuse probate of the codicil. The proviso properly prevents one who is a named executor only from conducting litigation over probate solely for his own benefit, but the present situation is different. The issue here is pointed directly at who is to serve as decedent's coexecutor, that is, whom testator legally named, and the rule embodied in the statutory proviso does not decide it. If Duryea cannot raise this issue, it might never be raised and ruled upon, and the codicil, if invalid, should not be allowed probate by default.

## ORDER

And now, March 8, 1974, the motion to quash is dismissed.